## MATSON v SORONEN

1. Pleading—Amendment of Pleadings—Addition of Parties—Court Rules.

A court rule provides that leave to amend a pleading "shall be freely given when justice so requires", and another rule provides that "parties may be added or dropped by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just", and both rules should be similarly construed (GCR 1963, 118.1, 207).

2. Pleading—Amendment of Pleadings—Addition of Parties—Discretion—Findings.

Grant or denial of a motion to amend a pleading or to add a party is discretionary with the trial court; however where such a motion is denied a holding that justice would not be served by granting the motion must be supported by specific findings by the trial court as to the reasons for the holding.

3. Pleading—Amendment of Pleadings—Delay—Prejudice.

Delay itself, if it has not prejudiced the opposing party, is not a ground for denial of leave to amend a party's pleadings.

4. Pleading—Addition of Parties—Prejudice—Damages—Dramshop Act—Loss of Love and Companionship—Loss of Investment.

A claim by a defendant dramshop owner in a case for wrongful death and for recovery under the dramshop act that it would be prejudiced by the introduction of new elements of damages, requiring further investigation, if the plaintiff administrator of the estate of a decedent were allowed to add the parents of the deceased as party plaintiffs, is not a valid reason for denying the motion to add the parties where the record discloses that the defendant was aware that there was a claim for damages due to the loss of love and companionship and loss of investment and in fact had availed itself of the opportunity to investigate those claims of damages.

Reference for Points in Headnotes
[1–4] 61 Am Jur 2d, Pleading §§ 308–311.

Appeal from Houghton, Stephen D. Condon, J. Submitted Division 3 October 11, 1974, at Marquette. (Docket No. 18344.) Decided December 5, 1974. Leave to appeal denied, 394 Mich —.

Complaint by Edsel Matson, Administrator of the estate of Linda Marie Matson, deceased, against Edward A. Soronen and Stowe Enterprises, Inc., for damages for wrongful death, and under the dramshop act. Judgment for plaintiff. From denial of his motion to add the decedent's parents as party-plaintiffs, the plaintiff appeals. Reversed and remanded.

*Wisti & Jaaskelainen,* for plaintiff.

*Ulanoff, Ross & Summer, P. C.,* for defendant Stowe Enterprises, Inc.

Before: ALLEN, P. J., and J. H. GILLIS and Mc-GREGOR, JJ.

McGREGOR, J. Plaintiff filed his complaint against both defendants, alleging a wrongful death[1] against defendant Soronen, and a right of recovery under the dramshop act[2, 3] against defendant Stowe, as a result of an incident which occurred the night of June 6, 1971. A jury trial in February, 1973, resulted in verdicts against both defendants. A special verdict as to damages was

---

[1] MCLA 600.2922; MSA 27A.2922.

[2] MCLA 436.22; MSA 18.993.

[3] The dramshop statute was amended by 1972 PA 196, effective June 29, 1972. In *Koehler v DRT Sportservice, Inc,* 55 Mich App 567; 223 NW2d (1974), we held that the date of the injury was controlling rather than the date of filing suit or date of trial. Thus, in the instant case we are governed by MCLA 436.22; MSA 18.993, prior to its amendment June 29, 1972.

also handed down, apportioned according to the following criteria:

"Reasonable medical, hospital, funeral and burial expenses and damages to the personal property in the amount of $2,000.00.

"Reasonable compensation for the pain and suffering undergone by the decedent, Linda Marie Matson, for such time as she was conscious from the time after her injuries and her death in the amount of $5,000.00.

"Losses suffered by the decedent's next of kin as a result of the decedent's death, including reasonable expenses of travel and lost time from work because of the accident in the amount of $600.00.

"Loss of the parents' investment in the decedent up to the time of her death in the amount of $30,000.00.

"Loss to the parents of future financial support to them reasonably expected to be given them by the decedent in the amount of $2,500.00.

"Loss of society, companionship, love and affection of the decedent in the amount of $10,000.00."

Judgment was entered according to the verdict by the trial judge, in favor of the plaintiff against defendant Soronen for the full $50,100 and against defendant Stowe jointly and severally for $7,000 of the verdict. Plaintiff's motion for new trial was denied.

This appeal is brought principally because defendant Soronen appears judgment-proof. Plaintiff received $10,000 of the judgment against Soronen from the State Motor Vehicle Accident Claims Fund. No difficulty is expected in the collection of the $7,000 judgment against Stowe, but that leaves $33,000 of the judgment manifestly uncollectible.

On the day of trial, a question arose as to whether Stowe could be held liable for damages for decedent's parents' loss of love and companionship and their loss of investment. Plaintiff then moved to add the parents as parties plaintiff;

defendant Stowe objected; after discussion of the damages problem, the trial court denied plaintiff's motion. After further extensive argument, the court precluded plaintiff from recovering damages for loss of love and companionship and loss of investment against defendant Stowe.

The dispositive issue that confronts this Court is whether plaintiff should have been allowed to amend the complaint so as to add decedent's parents as parties-plaintiff.

GCR 1963, 118.1 provides that leave to amend a pleading "shall be freely given when justice so requires". GCR 1963, 207 states that "[p]arties may be added or dropped by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just". Although no case so holding has been found, this Court holds that both rules should be similarly construed.

The granting or denial of a motion to amend a pleading, and presumably, to add parties as well, is discretionary with the trial court. *Grove v Story Oldsmobile, Inc*, 31 Mich App 613; 187 NW2d 923 (1971). However, that discretion is not unbridled. In *Ben P Fyke & Sons v Gunter Co*, 390 Mich 649, 658; 213 NW2d 134 (1973), it was stated:

"The discretion confided to trial judges under the standard 'leave shall be freely given when justice so requires', is not boundless. In *Burg v B & B Enterprises*, 2 Mich App 496, 500; 140 NW2d 788 (1966), Judge (now Justice) T. G. KAVANAGH wrote, '[W]e believe that [this] language * * * imposes a limitation on the discretion of the court necessitating a finding that justice would not be served by the amendment.' "

The holding that justice would not be served must be supported by specific findings as to the reasons for the same. *Fyke, supra,* 656–657. No

such findings were made by the trial court in the present case.

Here, defendant's contentions in support of the denial are (1) lateness of the motion, and (2) the fact that new elements of damages would be added, requiring investigation by defendant. Concerning the first contention, the *Fyke* court stated, pp 663–664:

"While '[a]s a general rule, the risk of substantial prejudice increases with the passage of time,' in the absence of a showing of either bad faith or actual prejudice, mere delay does not warrant denial of a motion to amend. 'All amendments have this in common: they are offered later in time than the pleading they seek to amend.' James, Civil Procedure, § 5.2, p 158."

Thus, delay itself is not a ground for denial of leave to amend. Instead, the delay must have prejudiced the opposing party. Here, the claimed prejudice is defendant's lack of preparation on the damages issue.

Plaintiff's complaint requested damages for, *inter alia,* "loss of investment, love, affection, companionship, and other damages as provided by law". Stowe must have been aware of these claimed damages, since question number 6 in its interrogatories requested details as to the investment in decedent.[4] Plaintiff answered that the expenses amounted to over $13,000. During pretrial examination, defendant requested further clarification as to its interrogatory question number 6 on loss of investment. Plaintiff's pretrial

---

[4] See *Podbielski v Argyle Bowl, Inc.* 44 Mich App 280; 205 NW2d 240 (1973), aff'd, 392 Mich 380; 220 NW2d 397 (1974), where it was held that plaintiffs in a dramshop action may recover for the loss of love and companionship due to the death of their decedent. Plaintiff's motion was made on the first day of trial, February 21, 1973.

statement again claimed over $13,000 as damages for loss of investment.

The pretrial summary statement of the trial court noted:

"Counsel indicate they are satisfied with the pleadings, and each concedes that the other, without further amendments to the pleadings, may introduce competent proofs in support of their respective versions of the case as presently pleaded and stated."

But, the court went on to say:

"The amount of damages claimed by plaintiff and as set forth by counsel in the pretrial conference statement shall be deemed adequate, and counsel shall within a period of 30 days provide opposing counsel an itemized statement of claimed damages."

On December 11, 1972, the deposition was taken of the decedent's parents, during which they were questioned concerning their investment in the decedent, and about their deceased daughter's relationship with her family in general. This Court finds that the record clearly demonstrates that defendant Stowe was not surprised by the added elements of damages which the addition of the parents as plaintiffs would entail. From the first, Stowe was aware that plaintiff was claiming damages due to the loss of love and companionship and the loss of investment. Stowe had the opportunity, and indeed, availed itself of the opportunity to investigate the claims of damages. The addition of the parents as plaintiffs would not have surprised Stowe in the least. Rather, it appears that defendant Stowe deliberately refrained from challenging the administrator's right to the elements of damages in question until trial, and then moved to bar those elements from the jury's consideration. The

fact that, by allowing the amendment, the trial court would have changed the result as to Stowe is not a valid reason for denying plaintiff's motion. *Fyke, supra,* 657–660.

This Court has held the trial court's denial of plaintiff's motion to add the parents of the deceased as parties-plaintiff to be an abuse of discretion:

"The trial court denied plaintiff's motion to add new parties, having found that the administrator was not the proper party to bring an action in the present case. The trial court concluded that new parties could not be added as the two-year statute of limitations on actions brought under the liquor control act had run. This conclusion would have been correct had plaintiff's administrator had no right of action against defendant Dropek. It is not true under the holding made here today." *Plowman v Satkowiak,* 22 Mich App 425, 429; 177 NW2d 641 (1970).

GCR 1963, 118 reads in part:

" 'Amendments. A party may amend his pleading once as a matter of course at any time before or within 15 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, he may amend it at any time before or within 15 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave shall be freely given when justice so requires. All amendments shall be filed in writing, dated, and numbered consecutively. Unless otherwise indicated therein, an amended pleading shall supersede the former pleading.' Rule 118.1.

" 'Relation Back of Amendments. Except for the purpose of demanding a trial by jury under subrule 508.2, the amendment relates back to the date of the original pleading whenever the claim or defense asserted in the

amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.' Rule 118.4."

In *LaBar v Cooper,* 376 Mich 401, 405–406; 137 NW2d 136 (1965), our Supreme Court quoted the following from 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 416:

" 'Subrule 118.4 is intended to introduce a more liberal and workable test, borrowed from the Federal rules. See committee comment (5), *supra.* The test is no longer conceptual, but rather functional. The amendment relates back to the date of the original pleading, and therefore, is not barred by limitations, whenever the claim or defense asserted in the amendment arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. *It is thus beside the point that the amendment introduces new facts, a new theory, or even a different cause of action, so long as it springs from the same transactional setting as that pleaded originally.* The new test satisfies the basic policy of the statute of limitations, because the transactional base of the claim must still be pleaded before the statute runs, thereby giving defendant notice within the statutory period that he must be prepared to defend against all claims for relief arising out of that transaction.' " (Emphasis in original.)

Our Court has held, in *Doan v Chesapeake & Ohio R Co,* 18 Mich App 271, 276; 171 NW2d 27 (1969):

"Although recognizing the truth of defendant's assertion that the plaintiff, individually, and plaintiff, as administratrix, are two separate legal entities, *Jordan v C. A. Roberts Co,* 379 Mich 235; 150 NW2d 792 (1967), on rehearing, 381 Mich 91; 158 NW2d 901 (1968), this Court is not persuaded that that is determinative of this case."

Our Court went on to say, p 279:

"The test under subrule 118.4 as set forth in *LaBar, supra,* makes it clear that whether or not a new cause of action is stated in the amendment is no longer the question, but rather it is whether the amendment arises out of the conduct, transaction, or occurrence alleged in the original pleading sought to be amended. * * * This Court does, however, approve the limitation appearing in 63 Harvard Law Review 1177, 1239, cited in *Russell v New Amsterdam Casualty Co,* 303 F2d 674 (CA 8, 1962):

" 'However, * * * where the plaintiff sues in the wrong capacity some courts have experienced considerable difficulty in avoiding the objection that the original action was void, and have thus disallowed the change of the party plaintiff. Nevertheless, the new plaintiff is today usually allowed to take advantage of the former action if the original plaintiff had, *in any capacity, either before or after the commencement of suit, an interest in the subject matter of the controversy.'* (Emphasis added.)"

We hold that the trial court abused its discretion in denying plaintiff's motion to add decedent's parents as plaintiffs. By adding them as plaintiffs, they may recover for the loss of investment and loss of love and companionship.

Reversed and remanded for trial only on the issue of damages for loss of love and companionship and loss of investment.

All concurred.