SLAYTON v MICHIGAN HOST, INC

Docket No. 59710. Submitted July 21, 1982, at Detroit.—Decided
    January 10, 1983.

    Donna Mae Slayton was employed as a waitress by Michigan
    Host, Inc. In January, 1979, Slayton and a number of her co-
    workers filed a suit in federal court alleging that the rules
    regarding the uniforms they were required to wear were sexu-
    ally discriminating and subjected them to sexual harassment.
    That suit was dismissed without prejudice in 1980. In Novem-
    ber, 1979, Slayton sought workers' disability compensation
    benefits for injuries to her nerves, back, knees, neck, feet, hip,
    arms, and sequelae caused by job-related falls, work, and emo-
    tional harassment. In October, 1980, the workers' compensation
    claim was redeemed by Slayton, releasing Michigan Host from
    any and all liability under the Worker's Disability Compensa-
    tion Act for all injuries or occupational diseases including
    nervousness, neurosis, functional problems, psychosis, or other
    mental disorders. Slayton also voluntarily quit her employment
    with Michigan Host and waived any and all seniority rights she
    might have had. In January, 1981, Slayton brought an action
    in Wayne Circuit Court under the Elliott-Larsen Civil Rights
    Act against Michigan Host and Jack Vogel and Betty Twill,
    employees of Michigan Host and Slayton's supervisors while
    she was employed by Michigan Host, alleging gender discrimi-
    nation and harassment. Slayton alleged that Michigan Host
    forced her to quit her job in retaliation for her suit in federal

REFERENCES FOR POINTS IN HEADNOTES

[1-6] 81 Am Jur 2d, Workmen's Compensation § 50.

[1, 2] 82 Am Jur 2d, Workmen's Compensation §§ 240-243.

[3] 15 Am Jur 2d, Civil Rights § 154 *et seq.*

Construction and application of provisions of Title VII of Civil
    Rights Act of 1964 (42 USCS §§ 2000e *et seq.)* making sex discrim-
    ination in employment unlawful. 12 ALR Fed 15.

[4, 5] 15 Am Jur 2d, Civil Rights § 443.

[5] 82 Am Jur 2d, Workmen's Compensation § 301.

Mental disorders as compensable under workmen's compensation
    acts. 97 ALR3d 161..

[6] 45 Am Jur 2d, Interference §§ 31, 45.

53 Am Jur 2d, Master and Servant §§ 212, 213.

court and that Vogel and Twill, through the work uniform policy of Michigan Host, intentionally inflicted emotional distress upon her and intentionally interfered with her contract of employment by forcing her to resign. She claimed that as a result she suffered several forms of mental distress, loss of wages, loss of professional esteem, damage to her career, loss of pension rights and employee benefits, loss of seniority, and loss of employment. Defendants moved for accelerated judgment on the basis that the circuit court lacked jurisdiction over the controversy because Slayton's exclusive remedy was to seek compensation under the Worker's Disability Compensation Act. Plaintiff argued that the Legislature did not intend claims under the civil rights act to be heard before the Bureau of Workers' Disability Compensation but rather intended such claims to be heard in circuit court. Michael E. Stacy, J., granted defendant's motion for accelerated judgment. Slayton appeals. *Held:*

The Worker's Disability Compensation Act provides the exclusive remedy for disabilities, both mental and physical, which arise as a result of an injury or occupational disease arising out of and in the course of employment. The exclusive-remedy provision of the Worker's Disability Compensation Act does not preclude a civil action in circuit court under the Elliott-Larsen Civil Rights Act for damages for humiliation, embarrassment, outrage, disappointment, or other forms of mental anguish resulting from employment discrimination or for loss of wages, loss of professional esteem, damage to one's career, loss of pension rights and employee benefits, loss of seniority, or loss of employment, because such damages are independent of any disability which might be compensable under the Worker's Disability Compensation Act.

Reversed and remanded.

1. Wᴏʀᴋᴇʀs' Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ — Exᴄʟᴜsɪᴠᴇ-Rᴇᴍᴇᴅʏ Pʀᴏᴠɪsɪᴏɴ.

The Worker's Disability Compensation Act provides the exclusive remedy against the employer for mental and physical disabilities suffered by an employee as a result of a personal injury arising out of and in the course of the employee's employment (MCL 413.301; MSA 17.237[301]).

2. Wᴏʀᴋᴇʀs' Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ — Exᴄʟᴜsɪᴠᴇ-Rᴇᴍᴇᴅʏ Pʀᴏᴠɪsɪᴏɴ — Aᴄ-ᴛɪᴏɴs.

The applicability of the exclusive-remedy provision of the Worker's Disability Compensation Act turns not upon the characterization of the nature of an action being brought in circuit court

but upon whether the employee has a right to recover benefits under the act; the fact that an employee's cause of action is based on a discrimination claim is not dispositive of the issue of whether the circuit court is the proper forum.

3. WORKERS' COMPENSATION — NONPHYSICAL TORTS — EXCLUSIVE-REMEDY PROVISION.

Nonphysical torts such as sex discrimination generally fall outside of the exclusive-remedy provision of the Worker's Disability Compensation Act.

4. WORKERS' COMPENSATION — CIVIL RIGHTS — DISCRIMINATION — EXCLUSIVE-REMEDY PROVISIONS.

A victim of discrimination may bring a civil suit to recover damages for any humiliation, embarrassment, outrage, disappointment, and other forms of mental anguish which flow from the discrimination even where the discrimination occurs in the course of his employment; such claims are not barred by the exclusive-remedy clause of the Worker's Disability Compensation Act because they are independent of any disability which might be compensable under the act.

5. WORKERS' COMPENSATION — EXCLUSIVE-REMEDY PROVISION — MENTAL INJURIES.

Claims for mental injuries and for violation of civil rights by any employee against his employer can be separated; mental injury is a disabling condition for which compensation is available under the Worker's Disability Compensation Act but the act provides no remedy for violations of civil rights and a plaintiff is entitled to a trial on the merits for damages because of violation of his civil rights (MCL 418.131; MSA 17.237[131]).

6. WORKERS' COMPENSATION — EXCLUSIVE-REMEDY PROVISION — EMOTIONAL DISTRESS — INTERFERENCE WITH BUSINESS OPPORTUNITIES.

Claims by an employee against fellow employees for intentional infliction of emotional distress, interference with the employee's contract of employment, and interference with the employee's advantageous business relationships may be brought in a civil action in circuit court, since they are not barred by the exclusive-remedy provision of the Worker's Disability Compensation Act (MCL 418.131; MSA 17.237[131]).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw),* for plaintiff.

*Butzel, Long, Gust, Klein & Van Zile, P.C.* (by *Donald B. Miller),* for defendant.

Before: M. F. CAVANAGH, P.J., and D. C. RILEY and C. J. HOEHN,* JJ.

M. F. CAVANAGH, P.J. Plaintiff was employed as a waitress by defendant Michigan Host, Inc.; defendants Vogel and Twill were her supervisors. Prior to this action, the plaintiff and other female employees sued defendant Michigan Host in federal court, alleging that the work uniform requirement of high-heeled shoes and a short skirt was discriminatory and subjected them to sexual harassment. The action was dismissed without prejudice. Plaintiff then brought this present suit in circuit court, alleging gender discrimination and harassment and alleging that defendant Michigan Host forced her to quit her job in retaliation for her suit in federal court. She also alleged that defendants Vogel and Twill, through the uniform policy of defendant Michigan Host, intentionally inflicted emotional distress upon her and that they intentionally interfered with her contract of employment by forcing her to resign. Defendants moved for accelerated judgment pursuant to GCR 1963, 116.1(2), claiming that the circuit court lacked subject matter jurisdiction over the controversy because the plaintiff's exclusive remedy was to seek compensation under the Worker's Disability Compensation Act. Defendant's motion for accelerated judgment was granted, and the plaintiff now appeals by right.

Plaintiff argues that the Legislature did not intend discrimination claims brought under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*seq.;* MSA 3.548(101) *et seq.,* to be heard by the Bureau of Workers' Disability Compensation but rather intended such claims to be brought in circuit court. Defendant counters that the exclusive-remedy provision of the Worker's Disability Compensation Act bars the plaintiff's suit in circuit court because the plaintiff's alleged injuries are covered by the act.

The Worker's Disability Compensation Act provides that: "The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer." MCL 418.131; MSA 17.237(131). When an employee suffers "a personal injury arising out of and in the course of [the injured party's] employment", physical and mental disabilities are compensable under the act.[1] MCL 418.301; MSA 17.237(301); *Cole v Dow Chemical Co,* 112 Mich App 198, 204; 315 NW2d 565 (1982). Furthermore, if a plaintiff alleges both injuries covered by the act and injuries not covered by the act, he or she must pursue the workers' compensation remedy for those injuries covered by the act. *Cole, supra,* p 206; *Stimson v Michigan Bell Telephone Co,* 77 Mich App 361, 369; 258 NW2d 227 (1977).

To begin with, we agree with the defendants that the applicability of the exclusive-remedy provision of the act turns not upon the characterization of the asserted cause of action but upon whether the employee has a right to recover benefits under the act. *Stimson, supra,* p 367. Therefore, the fact that the plaintiff's suit is based on a discrimination claim is not dispositive of which forum should hear the case. A civil suit for damages based upon an alleged violation of the plain-

---

[1] The parties do not appear to dispute the question of whether the plaintiff's injuries arose out of and in the course of her employment, thus we need not address this issue.

tiff's right to employment without sex discrimination is in the nature of a tort action and, as such, concerns a personal injury to the plaintiff. *Stimson, supra,* fn 3, p 366. The act provides compensation for disabilities resulting from a personal injury suffered by an employee during the course of his or her employment. Thus, certain elements of damages in a sex discrimination suit may be barred by the act's exclusive-remedy provision, although generally a nonphysical tort such as sex discrimination falls outside the scope of the act. *Stimson, supra,* p 366.

For example, if as a result of sex discrimination in employment a plaintiff suffers disabling mental and nervous injuries resulting in some psychoneurotic or psychotic condition, the plaintiff's mental injuries would result in a compensable injury under the act. See *Deziel v Difco Laboratories, Inc (After Remand),* 403 Mich 1; 268 NW2d 1 (1978). The compensable injury would be the resulting disability; however, we agree with this Court's holding in *Pacheco v Clifton,* 109 Mich App 563, 575; 311 NW2d 801 (1981), that any prior claims for mental suffering arising from the discrimination do not merge with the resulting disability claim. As the Court stated in *Freeman v Kelvinator, Inc,* 469 F Supp 999, 1000 (ED Mich, 1979):

"The source of defendant's misconception is perhaps its belief that the injury which flows from discrimination is akin to mental injuries sustained by workers from compensable sources. It is not. *The discrimination injury is unique.* Its source is deliberate or inadvertent disregard by the employer of the fundamental rights of his employees." (Emphasis added.)

We hold that a victim of discrimination may bring a civil suit to recover for damages for any

humiliation, embarrassment, outrage, disappointment, and other forms of mental anguish which flow from the discrimination injury. Such claims are not barred by the exclusive-remedy clause of the Worker's Disability Compensation Act because they are independent of any disability which might be compensable under the act. These types of injuries are the kind that the Elliott-Larsen Civil Rights Act was designed to protect against and to hold otherwise would undercut the legislative scheme to remedy discriminatory wrongs. *Pacheco, supra,* p 575; *Freeman, supra,* p 1003.

Turning back to the case at bar, we note that the plaintiff has alleged not only several forms of mental anguish but also loss of wages, loss of professional esteem, damage to the plaintiff's career, loss of pension rights and employee benefits, loss of seniority, and loss of employment. We find that these injuries, if proven to have resulted from sexual discrimination rather than from a disability, are not barred as a matter of law by the Worker's Disability Compensation Act because they are not compensable under the act. *Pacheco, supra,* p 574; *Stimson, supra,* p 369. This holds true also for the plaintiff's claims against defendants Vogel and Twill for intentional infliction of emotional distress, interference with the plaintiff's contract of employment, and interference with the plaintiff's advantageous business relationships. Plaintiff should have an opportunity to adjudicate these claims at trial. We direct the court's attention to the agreement to redeem liability made between the plaintiff and defendant Michigan Host as under the agreement the plaintiff may have waived some of her claims with respect to defendant Michigan Host.

Reversed and remanded.