## McCALLA v ELLIS

*Docket No. 60959. Submitted March 2, 1983, at Lansing.—Decided October 10, 1983. Leave to appeal applied for.*

Joyce McCalla was hired by Electrolux Corporation, a subsidiary of Consolidated Foods, Inc., to sell vacuum cleaners. McCalla was sexually assaulted by her supervisor, Richard Ellis. McCalla notified Electrolux. Ellis was fired. McCalla never returned to work. She applied for workers' compensation benefits and a redemption agreement between McCalla, Consolidated Foods, and Electrolux was approved by the Bureau of Workers' Disability Compensation. Subsequently, McCalla filed suit in Washtenaw Circuit Court against Ellis, Consolidated Foods, and Electrolux, alleging that as a result of the incident she had suffered mental anguish, shame, humiliation, and a loss of earning capacity. Ross W. Campbell, J., entered a default judgment against Ellis, denied Electrolux's and Consolidated Foods's motion for accelerated judgment and plaintiff's motion to amend her complaint to add allegations that the defendants had acted in violation of the Elliott-Larsen Civil Rights Act and had intentionally inflicted emotional distress upon her and dismissed the case for lack of jurisdiction. The plaintiff appealed. *Held:*

1. The trial judge abused his discretion in refusing to allow the plaintiff to amend her pleadings regarding the alleged civil rights violation. No prejudice to the defendants would have resulted from granting the motion. Whether rape should be construed as sexual harassment prohibited by the civil rights statute was a matter to be determined after considering the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 61A Am Jur 2d, Pleading § 310 *et seq.*

[3] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 4-7, 13-17.

Right to recover for emotional disturbance or its physical consequences, in the absence of impact or other actionable wrong. 64 ALR2d 100.

[4] 53 Am Jur 2d, Master and Servant §§ 437, 438.

[5-7] 81 Am Jur 2d, Workmen's Compensation §§ 50, 51.

[7] 82 Am Jur 2d, Workmen's Compensation § 635.

facts of the case, the policy behind the statute and the statutory definition, itself. The liability of the defendants would also depend upon those determinations. The trial judge erred in ruling upon the substantive merits of plaintiff's proposed amendment.

2. The trial court's refusal to allow the plaintiff to amend her complaint regarding the claim of intentional infliction of emotional distress should be affirmed as to defendants Electrolux and Consolidated Foods but reversed as to Ellis. The question of whether Ellis's rape of the plaintiff was sufficiently outrageous and extreme as to render him liable for intentional infliction of emotional distress is a matter to be determined by the trier of fact. Even if Ellis intentionally inflicted emotional distress upon the plaintiff, Electrolux and Consolidated Foods would not be vicariously liable. An employer is liable only for the acts of its employee committed within the scope of his employment.

3. The trial court erred in dismissing the case for lack of jurisdiction. The correct focus in questions regarding the applicability of the exclusive-remedy provision of the Worker's Disability Compensation Act is on whether the injuries fall within the purview of the act irrespective of the nature of the employer's acts. The trial court should examine the injuries claimed by plaintiff. If all of her claimed injuries are intended to be covered by the workers' compensation act, a dismissal of the case would be proper. If not, those claims not covered by the act should be heard by the trial court.

Reversed and remanded.

BRONSON, J., dissented in part. He believed that the plaintiff's alleged injury was physical in nature and this fell within the scope of the workers' compensation act's exclusive-remedy provision. He believed that the question of whether the exclusive-remedy provision bars an Elliott-Larsen sex discrimination action which is based upon a physical tort should be resolved by the Supreme Court.

### OPINION OF THE COURT

1. PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.

The grant or denial of a motion to amend a party's pleadings is within the discretion of the trial judge and his decision should not be reversed absent a finding of abuse of discretion; the granting of a motion to amend is not an act of grace but a right of a litigant who can show that an amendment would not work an injustice on the opposing party (GCR 1963, 118.1).

2. Pleading — Amendment of Pleadings — Court Rules.

A motion to amend a party's pleadings should ordinarily be granted absent factors such as undue delay, bad faith or a dilatory motive, or when such an amendment would be futile; a trial judge, when considering such a motion, should ignore the substantive merits of a claim or defense unless it is legally insufficient on its face, making it futile to allow the amendment (GCR 1963, 118.1).

3. Torts — Intentional Infliction of Emotional Distress.

One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm; liability for intentional infliction of mental distress exists only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.

4. Torts — Employer Liability.

An employer is liable only for the tortious acts of its employee committed within the scope of his employment.

5. Workers' Compensation — Exclusive Remedy.

The correct focus in questions regarding the applicability of the Worker's Disability Compensation Act's exclusive-remedy provision is on whether the injuries suffered by the claimant fall within the purview of the act irrespective of the nature of the employer's acts (MCL 418.131; MSA 17.237[131]).

6. Workers' Compensation — Civil Actions.

A civil action against an employer is not barred completely because a worker's alleged injuries are those within the coverage of the Worker's Disability Compensation Act; recovery is only precluded for the injuries covered under the act.

Partial Concurrence and Partial Dissent by Bronson, J.

7. Workers' Compensation — Torts.

*Generally, a nonphysical tort such as sex discrimination falls outside of the scope of the Worker's Disability Compensation Act and a physical employment-related tort comes within the scope of the act and is subject to the act's exclusive-remedy provision (MCL 418.101 et seq.; MSA 17.237[101] et seq.).*

*Egnor, Hamilton & Muth* (by *Andrew S. Muth*), for plaintiff.

*Davis & Fajen, P.C.* (by *Peter A. Davis*), for Consolidated Foods and Electrolux.

Before: R. B. BURNS, P.J., and BRONSON and R. ROBINSON,* JJ.

R. B. BURNS, P.J. Plaintiff appeals a trial court order denying her motion to amend her complaint and dismissing her case for lack of jurisdiction.

Plaintiff was hired by defendant Elextrolux Corporation, a subsidiary of Consolidated Foods, Inc., to sell vacuum cleaners door to door. Around 7:30 p.m. on September 1, 1979, a Saturday, she was called at home by her supervisor, defendant Richard Ellis, and asked to come to the office to sign some contracts. When she arrived, Ellis told her that the contracts were for sales obtained by salaried office staff and, if plaintiff would "stick with him", he would see that she received commissions from a number of such contracts. Ellis then sexually assaulted plaintiff, forcibly raping her. Plaintiff notified Electrolux. After an internal company investigation, Ellis was fired. Plaintiff did not return to work.

Plaintiff subsequently applied for workers' compensation benefits. A redemption agreement was approved by the Bureau of Workers' Disability Compensation between plaintiff and defendants Electrolux and Consolidated Foods, providing for payment of $19,000.

Plaintiff filed suit against defendants in Washtenaw County Circuit Court, alleging that as a result of the incident she had suffered mental anguish,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

shame and humiliation, and a loss of earning capacity. Defendant Ellis, though served, did not file an answer and thereby defaulted.

Defendants Electrolux and Consolidated Foods moved for accelerated judgment, arguing that plaintiff had already been compensated for her injuries by the redemption agreement. Plaintiff moved to amend her complaint to add allegations that defendants had acted in violation of the Elliott-Larsen Civil Rights Act[1] and had intentionally inflicted emotional distress upon plaintiff. Plaintiff filed a brief, opposing defendants' motion for accelerated judgment and supporting her motion to amend.

Although the motions had been noticed for hearing on August 27, 1981, no transcript of any hearing has been supplied to this Court and there is no indication in the record that a hearing was actually conducted. On October 23, 1981, the trial court issued its opinion denying plaintiff's motion to amend, stating that rape did not "trigger the sanctions of the Civil Rights Act. Plaintiff may have a cause of action against defendant, but not one arising under this statute."

Plaintiff's request to add a claim for intentional infliction of emotional distress was also denied, the trial court finding that she had failed to supply argument or authority supporting that claim.

Defendants' motion for accelerated judgment was also denied, since the trial court was not certain that all damages sought by plaintiff were covered by the Worker's Disability Compensation Act.[2] The court dismissed the case without prejudice for lack of jurisdiction, ruling that the question of whether plaintiff's claims were exclusively

---

[1] MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.*

[2] MCL 418.301 *et seq.;* MSA 17.237(301) *et seq.*

within the scope of the workers' compensation act (and therefore barred by virtue of the redemption agreement) was a matter to be resolved preliminarily by the Bureau of Workers' Disability Compensation.

GCR 1963, 118.1 states that leave to amend a party's pleadings "shall be freely given when justice so requires". The grant or denial of a motion to amend is within the discretion of the trial judge, *Matson v Soronen,* 57 Mich App 190; 226 NW2d 52 (1974), and his decision will not be reversed absent a finding of abuse of discretion. *Cobb v Mid-Continent Telephone Services, Inc,* 90 Mich App 349; 282 NW2d 317 (1979). This discretion is not unlimited, however. This Court has noted that:

"This language imposes a limitation on the discretion of the court necessitating a finding that justice would not be served by an amendment to pleadings. The allowance of an amendment is not an act of grace, but a right of a litigant who can show that an amendment will not work an injustice on the opposing party." *Midura v Lincoln Consolidated Schools,* 111 Mich App 558, 563; 314 NW2d 691 (1981).

In our opinion, the trial judge abused his discretion by refusing to allow plaintiff to amend her pleadings. The trial judge decided that rape was not prohibited by the Elliott-Larsen Civil Rights Act and therefore plaintiff's amendment to add such a claim would be futile. We are unable to resolve the issue of the applicability of the Elliott-Larsen Civil Rights Act so easily. Since the question has apparently never been brought before the appellate courts of this state, no case law exists to specifically remove rape from those types of sexual harassment and discrimination banned by the El-

liott-Larsen Civil Rights Act. In the present case, defendant Ellis apparently first linked his sexual advances to a promise of increased earnings. Although his specific connection was not included in the facts alleged in plaintiff's complaint, the trial judge effectively made a ruling on the substantive issue that plaintiff wished to raise, without benefit of precedential case law, under the guise of determining whether plaintiff's amendment would be futile. In *Meyer v Hubbell,* 117 Mich App 699, 705-706; 324 NW2d 139 (1982), this Court disapproved of such handling:

"[A] motion to amend should ordinarily be granted absent factors such as undue delay, bad faith or a dilatory motive, or when such an amendment would be 'futile'. The trial judge should ignore the substantive merits of a claim or defense unless it is legally insufficient on its face, making it 'futile' to allow the amendment."

Michigan law clearly supplies a remedy for sex discrimination, an offense whose definition includes sexual harassment. MCL 37.2103; MSA 3.548(103) provides:

"As used in this act:

\* \* \*

"(h) Discrimination because of sex includes sexual harassment which means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature when:

"(i) Submission to such conduct or communication is made a term or condition either explicitly or implicitly to obtain employment, public accommodations or public services, education, or housing.

"(ii) Submission to or rejection of such conduct or communication by an individual is used as a factor in decisions affecting such individual's employment, public

accommodations or public services, education, or housing.

"(iii) Such conduct or communication has the purpose or effect of substantially interfering with an individual's employment, public accommodations or public services, education, or housing, or creating an intimidating, hostile, or offensive employment, public accommodations, public services, educational, or housing environment."

Plaintiff, therefore, wished to add a legally recognized cause of action to her complaint. Whether rape could ever be construed as sexual harassment prohibited by the statute was a matter to be determined after considering the facts of this case, the policy behind the statute, and the statutory definition, itself. The liability of defendants would also depend upon these determinations. While defendants claim they could never be held liable under the statute because they had had no previous complaints of sexual harassment by Ellis, no testimony was ever taken or evidence received in court as to the validity or completeness of the employment records concerning Ellis which were supplied to plaintiff as a result of discovery. Testimony of other employees was not taken, nor can it be discerned from such employment records whether oral allegations of misconduct were ever made.

The trial judge, therefore, erred in ruling upon the substantive merits of plaintiff's proposed amendment. His inquiry should have been limited to factors properly considered when a party moved to amend. In the present case, no prejudice to defendants would have resulted from granting plaintiff's motion to amend. The allegations sought to be added by plaintiff would have had no effect on the underlying transaction as set forth in the original complaint. Defendants have presumably

lost no witnesses due to the delay between plaintiff's original filing and her amendment who would have been necessary to defend only against the proposed claims. This was the first amendment sought by plaintiff, and no dilatory motives on her part are apparent or alleged.

As to the plaintiff's proposed claim of intentional infliction of emotional distress, however, the trial court's refusal to allow amendment seems proper as to defendant Electrolux and Consolidated Foods, but not as to defendant Ellis. This Court in *Warren v June's Mobile Home Village & Sales, Inc*, 66 Mich App 386, 390-391; 239 NW2d 380 (1976), has quoted from the Restatement Torts, 2d, § 46, pp 71-72, and comment d, p 73 in defining intentional infliction of emotional distress as follows:

" '(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.'

\* \* \*

" 'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' "

The question of whether defendant Ellis's rape of plaintiff was sufficiently outrageous and extreme as to render him liable for intentional infliction of emotional distress is a matter for determination by the trier of fact.

It would appear, however, that, even were defendant Ellis found to have intentionally inflicted distress upon plaintiff, defendants Electrolux and Consolidated Foods would not be vicariously liable.

An employer is liable only for the acts of its employee committed within the scope of his employment. *Thomas v Checker Cab Co, Inc,* 66 Mich App 152; 238 NW2d 558 (1975).

The trial judge abused his discretion by ruling on the substantive merits of plaintiff's proposed Elliott-Larsen Civil Rights Act amendment. The trial court's denial of plaintiff's motion to amend is hereby reversed. Denial of the emotional-distress claim is reversed only as to defendant Ellis.

A substantial body of case law holds that the correct focus in questions regarding the applicability of the Worker's Disability Compensation Act's exclusive-remedy provision, MCL 418.131; MSA 17.237(131), is on "whether the injuries themselves fell within the purview of the act, irrespective of the nature of the employer's acts". *Sewell v Bathey Manufacturing Co,* 103 Mich App 732, 737-738; 303 NW2d 876 (1981). Therefore, it is determined that plaintiff's motion to add a claim of intentional infliction of emotional distress should have been granted and that the trial court should examine the injuries claimed by plaintiff. If all of her claimed injuries are intended to be covered by the compensation act, a dismissal for lack of jurisdiction as to the emotional distress claim would be proper. If not, those claims not covered by the act should be heard by the trial court. *Stimson v Michigan Bell Telephone Co,* 77 Mich App 361; 258 NW2d 227 (1977).

The same basic analysis applies to plaintiff's sex discrimination claim. As stated in *Slayton v Michigan Host,* 122 Mich App 411, 415-417; 332 NW2d 498 (1983):

"[T]he applicability of the exclusive-remedy provision of the [compensation] act turns not upon the characterization of the asserted cause of action but upon whether

the employee has a right to recover benefits under the act. *Stimson, supra,* p 367. Therefore, the fact that the plaintiff's suit is based on a discrimination claim is not dispositive of which forum should hear the case. A civil suit for damages based upon an alleged violation of the plaintiff's right to employment without sex discrimination is in the nature of a tort action and, as such, concerns a personal injury to the plaintiff. *Stimson, supra,* fn 3, p 366. The act provides compensation for disabilities resulting from a personal injury suffered by an employee during the course of his or her employment. Thus, certain elements of damages in a sex discrimination suit may be barred by the act's exclusive remedy provision, although generally a non-physical tort such as sex discrimination falls outside the scope of the act. *Stimson, supra,* p 366.

"For example, if as a result of sex discrimination in employment a plaintiff suffers disabling mental and nervous injuries resulting in some psychoneurotic or psychotic condition, the plaintiff's mental injuries would result in a compensable injury under the act. See *Deziel v Difco Laboratories, Inc (After Remand),* 403 Mich 1; 268 NW2d 1 (1978). The compensable injury would be the resulting disability; however, we agree with this Court's holding in *Pacheco v Clifton,* 109 Mich App 563, 575; 311 NW2d 801 (1981), that any prior claims for mental suffering arising from the discrimination do not merge with the resulting disability claim. As the Court stated in *Freeman v Kelvinator, Inc,* 469 F Supp 999, 1000 (ED Mich, 1979):

" 'The source of defendant's misconception is perhaps its belief that the injury which flows from discrimination is akin to mental injuries sustained by workers from compensable sources. It is not. *The discrimination injury is unique.* Its source is deliberate or inadvertent disregard by the employer of the fundamental rights of his employees.' (Emphasis added.)

"We hold that a victim of discrimination may bring a civil suit to recover for damages for any humiliation, embarrassment, outrage, disappointment, and other forms of mental anguish which flow from the discrimination injury. Such claims are not barred by the exclusive remedy clause of the Worker's Disability Compen-

sation Act because they are independent of any disability which might be compensable under the act. These types of injuries are the kind that the Elliott-Larsen Civil Rights Act was designed to protect against and to hold otherwise would undercut the legislative scheme to remedy discriminatory wrongs."

Reversed and remanded for proceedings consistent with this opinion.

R. ROBINSON, J., concurred.

BRONSON, J. *(dissenting in part).* I decline to join in the opinion of my colleagues, because I am troubled by the manner in which the opinion would extend the application of the Elliott-Larsen Civil Rights Act, by limiting the scope of the exclusive-remedy provision of the Worker's Disability Compensation Act. The very opinions cited by the majority, *Stimson v Michigan Bell Telephone Co,* 77 Mich App 361; 258 NW2d 227 (1977), and *Slayton v Michigan Host,* 122 Mich App 411; 332 NW2d 498 (1983), proceed from the basic premise that "generally, a nonphysical tort such as sex discrimination falls outside the scope of the (workers' compensation) act", *Slayton, supra,* p 416, citing *Stimson, supra,* p 366. The clear implication is that a "physical" employment-related tort comes within the scope of the Worker's Disability Compensation Act and is consequently barred by that act's exclusive-remedy provision.

In the present case, although the complaint is couched in terms of sex discrimination, its entire basis is the supervisor's sexual assault upon plaintiff, an injury which is by all objective standards "physical" in nature. Contrast *Stimson* and *Slayton,* where there was no analogous physical assault or injury underlying the entire cause of

action. I believe that the distinction is significant, because the language of *Stimson* and *Slayton* is consistent with the conclusion that the Legislature intended to restrict actions based upon such "physical" employment-related torts to the forum of workers' compensation. Of course, the issue is one of first impression in this context and the guidance available to this Court is limited.

At this time, I believe that it would be neither appropriate nor useful to engage in an extended discussion of the exclusive-remedy issue. Instead, the question of whether the exclusive-remedy provision bars an Elliott-Larsen sex-discrimination action which is based upon a purely "physical" tort should be addressed directly and resolved conclusively by the learned justices of our Supreme Court. Only then will it be possible for this Court to make an informed statement as to whether the Legislature actually intended to extend Elliott-Larsen to this type of situation.