SCHAFKE v CHRYSLER CORPORATION

Docket No. 71876. Submitted February 5, 1985, at Detroit.—Decided
October 9, 1985. Leave to appeal denied, 424 Mich 891.

Plaintiff, Joseph E. Schafke, brought an action against Chrysler
Corporation under the Elliott-Larsen Civil Rights Act, alleging
that certain of Chrysler's hiring and job assignment practices
constituted age discrimination. He was later permanently laid
off by defendant, and he subsequently retired. The Wayne
Circuit Court, Thomas Roumell, J., granted Chrysler's pretrial
motions to strike plaintiff's demand for a jury trial and to
prohibit plaintiff from presenting any evidence of, and collect-
ing any, damages accruing after the date of his retirement.
Plaintiff appealed by leave granted. *Held:*

1. Plaintiff has a right to a jury trial under the Elliott-Larsen
Civil Rights Act.

2. The circuit court held that plaintiff had voluntarily retired
and was therefore not entitled to damages accruing after the
date of retirement. This was error. The proper inquiry is
whether the damages resulting from the retirement, loss of
wages and pension rights, flowed from the discriminatory acts.
In other words, did the allegedly discriminatory actions result
in the retirement.

Reversed.

1. CIVIL RIGHTS — RIGHT TO JURY TRIAL.

A litigant has a right to a jury trial in an action brought under
the Elliott-Larsen Civil Rights Act (MCL 37.2101 *et seq.;* MSA
3.548[101] *et seq.).*

2. CIVIL RIGHTS — DAMAGES.

Damages recoverable for a violation of the Elliott-Larsen Civil

REFERENCES

Am Jur 2d, Civil Rights §§ 508, 510.

Award of liquidated damages under § 7 of Age Discrimination in
Employment Act of 1967 (29 USCS § 626) for "willful" violations
of the Act. 55 ALR Fed 604.

Propriety of awarding compensatory damages for pain and suffering
in action under § 7 of Age Discrimination in Employment Act of
1967 (29 USCS § 626). 52 ALR Fed 837.

See also the annotations in the ALR3d/4th Quick Index under Age.

Rights Act include any damages which flow from the violation, and may include damages for humiliation, embarrassment, outrage and disappointment as well as loss of wages, pension rights, employee benefits, seniority, and employment; where an employee alleged that his employer engaged in age discrimination, and that he thereafter retired, the proper inquiry is whether the loss of wages and pension rights following the retirement were damages which flowed from the allegedly discriminatory act, that is, did the employer's action result in the retirement (MCL 37.2801[3]; MSA 3.548[801][3]).

*William D. Haynes,* for plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Thomas G. Kienbaum, Joseph C. Marshall, III,* and *Theodore R. Opperwall),* for defendant.

Amici Curiae:

*Stark & Gordon* (by *Sheldon J. Stark),* for the Michigan Trial Lawyers Association.

*Donnelly & Associates, P.C.* (by *John P. Hergt).*

Before: BRONSON, P.J., and M. J. KELLY and S. J. LATREILLE,* JJ.

PER CURIAM. Pursuant to defendant's pretrial motions, the trial court issued written orders striking plaintiff's demand for a jury trial and prohibiting plaintiff from collecting any damages or presenting any evidence of damages accruing after the date of his retirement. Plaintiff was granted leave to appeal the interlocutory orders.

Plaintiff began working for Chrysler on July 24, 1950. He was originally employed as an ornamental model maker and worked in that capacity until July 9, 1980, when, at the age of 65, he was permanently laid off. He subsequently retired, the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

effective date of retirement being February 28, 1983. On August 24, 1977, plaintiff had filed a complaint in Wayne County Circuit Court against defendant, the UAW and a union steward alleging that the defendants wrongfully discriminated against plaintiff in certain hiring practices on the basis of age contrary to the provisions of the fair employment practices act. The claims against the union and union steward were settled. On August 9, 1982, plaintiff was permitted to amend his complaint to substitute the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.,* for the fair employment practices act.

Plaintiff first argues that the trial court erred in striking plaintiff's demand for a trial by jury. We agree.

In two recent cases, this Court held that jury trials are a litigant's right under the Elliott-Larsen Civil Rights Act. *King v General Motors Corp,* 136 Mich App 301, 308-309; 356 NW2d 626 (1984), *lv den* 422 Mich 871 (1985); *Lindsey Smith v The University of Detroit,* 145 Mich App 468; 378 NW2d 511 (1985). We are persuaded by the logic of *King* and *Smith* and believe that logic to be equally applicable to the instant age discrimination claim under the act. See generally, *Holmes v Haughton Elevator Co* 404 Mich 36; 272 NW2d 550 (1978). We therefore reverse the trial court and reinstate plaintiff's demand for a jury trial.

Plaintiff next argues that the trial court erred in prohibiting plaintiff from presenting evidence of damages accruing subsequent to his date of retirement. We again agree.

Prior to trial, defendant brought a motion *in limine* requesting the court to find that plaintiff could not recover damages for the alleged discrimination after the date of his retirement. A hearing was held on April 13, 1983, and in a written

opinion dated May 18, 1983, the court granted defendant's motion. The court found that since "no one told plaintiff to retire" and plaintiff "had retired in order to collect retirement benefits", the plaintiff had "voluntarily" retired and was not, as a matter of law, entitled to damages accruing after the date of his retirement.

MCL 37.2801(3); MSA 3.548(801)(3) provides that damages may be recovered for any "injury or loss caused by each violation of this act". This section has been interpreted to include any damages which "flow" from the discrimination. *Slayton v Michigan Host, Inc,* 122 Mich App 411, 417; 332 NW2d 498 (1983). Such damages may include damages for humiliation, embarrassment, outrage and disappointment as well as loss of wages, loss of pension rights and employee benefits, loss of seniority and loss of employment. *Slayton, supra.* Under this standard, the court should have considered not whether plaintiff retired in order to collect benefits but rather whether the loss of wages and pension rights which followed his retirement were damages which "flowed" from the actual discrimination injury, *i.e.,* the hiring of younger personnel and transfer of plaintiff's work to other units, and the permanent layoff. The court's emphasis on voluntariness is incorrect.

Defendant's reliance on *Richardson v Restaurant Marketing Associates, Inc,* 527 F Supp 690 (ND Cal, 1981), is misplaced. Although the court in *Richardson* acknowledged the general rule that back pay was not available if the claimant left the job for a reason unrelated to the illegal conduct of the employer, it found that the rule was not applicable since the plaintiff's resignation was the result of the alleged civil rights violation. *Richardson,* if properly examined, supports plaintiff's claim that the court must look beyond the "volun-

tariness" of the resignation or retirement to the underlying cause. Under this analysis, the trial court should have considered whether the alleged discriminatory layoff resulted in the retirement. That is, whether the retirement was a natural consequence which flowed from the discriminatory act.

Finally, while it is apparent that defendant did not physically coerce or force plaintiff to resign, voluntariness would clearly not require such extreme circumstance. If, as plaintiff alleges, his permanent layoff caused economic hardships which in turn caused him to retire, sufficient circumstances would be presented to negate a claim of voluntariness. We would additionally note that the issue of damages and whether the retirement and loss of wages and benefits which ensued were damages which flowed from the alleged discrimination are questions of fact to be determined by a jury.

Reversed.