DEPARTMENT OF CIVIL RIGHTS ex rel JOHNSON v SILVER
DOLLAR CAFE (ON REMAND)

Docket No. 158505. Submitted November 18, 1992, at Lansing. Decided March 2, 1993, at 9:20 A.M.

Mary H. Johnson filed a complaint with the Civil Rights Commission against her employers, Paul and Margaret Anson, doing business as the Silver Dollar Cafe, alleging sexual harassment by Paul Anson. The commission adopted a hearing referee's finding of harassment, awarding Johnson $2,660 in back wages and $30,000 in compensatory damages for emotional distress. The Hillsdale Circuit Court, Harvey W. Moes, J., affirmed, but reduced compensatory damages to $4,515. The Court of Appeals, SAWYER, P.J., and HOOD, J. (MURPHY, J., concurring), reversed and remanded for reinstatement of the award of compensatory damages, determining that the commission's award was supported by substantial evidence on the record. 188 Mich App 147 (1991). The Supreme Court reversed and remanded for reconsideration by the Court of Appeals, holding that a circuit court in reviewing a decision of the commission may substitute its judgment for that of the commission and that the Court of Appeals must review the judgment of the circuit court under the clearly erroneous standard. 441 Mich 110 (1992).

On remand, the Court of Appeals *held:*

The circuit court clearly erred in reducing the award for emotional distress. Damages for emotional distress may be recovered under the Civil Rights Act to compensate a claimant for humiliation, embarrassment, outrage, and other forms of mental anguish. The award for emotional distress in this case was compensatory, not exemplary or punitive, and abundant record evidence supported the award.

Reversed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Robert L. Willis, Jr.,* and *Mary Louise Pridmore,* Assistant Attorneys General, for the Department of Civil Rights.

*Kurt Berggren,* for Paul and Margaret Anson, doing business as the Silver Dollar Cafe.

ON REMAND

Before: SAWYER, P.J., and HOOD and MURPHY, JJ.

PER CURIAM. This is a sexual harassment case. The Department of Civil Rights appeals as of right from the circuit court's reduction of the Civil Rights Commission's award of emotional distress damages to Mary H. Johnson. On remand from the Supreme Court, we again reverse.

Johnson filed a sexual harrassment charge against Paul and Margaret Anson, her former employers, doing business as The Silver Dollar Cafe. After a hearing, the referee found her charge well-founded and recommended that she be awarded damages. The Ansons took exception to those findings.

The Civil Rights Commission adopted the hearing referee's recommendations and awarded Johnson $2,660 in back pay plus $30,000 in compensatory emotional distress damages. The Ansons appealed the emotional distress award to the circuit court. The circuit court reduced the award to $4,515.

We reversed on appeal, finding that the court clearly erred because the commission's award was supported by substantial evidence on the record. *Dep't of Civil Rights ex rel Johnson v Silver Dollar Cafe,* 188 Mich App 147, 155-156; 469 NW2d 42 (1991). On the Ansons' appeal, the Supreme Court held that, although the circuit court cannot receive additional evidence, it reviews the commission's decision de novo—not under the substantial

evidence standard—and that it therefore can substitute its judgment for that of the commission. *Dep't of Civil Rights ex rel Johnson v Silver Dollar Cafe,* 441 Mich 110, 115-116; 490 NW2d 337 (1992). It also held that this Court reviews the circuit court's decision under the clearly erroneous standard and that we can substitute our judgment for the circuit court's where, on review of the whole record, we are left with the definite and firm conviction that a mistake has been made. *Id.* at 116-117.

We have reviewed the whole record and have again been left with the definite and firm conviction that the circuit court made a mistake in reducing the emotional distress award. We therefore substitute our own appraisal of the record and reinstate the commission's award.

There is no question that emotional distress damages are recoverable under the MCL 37.2101 *et seq.* MSA 3.548(101) *et seq.,* to compensate a claimant for "humiliation, embarrassment, and outrage" resulting from discrimination prohibited by the act. *Eide v Kelsey-Hayes Co,* 431 Mich 26, 36; 427 NW2d 488 (1988); see also *Slayton v Michigan Host, Inc,* 122 Mich App 411, 416-417; 332 NW2d 498 (1983) ("a victim of discrimination may bring a civil suit to recover for damages, any humiliation, embarrassment, outrage, disappointment, and other forms of mental anguish which flow from the discrimination injury"). Exemplary damages for these same injuries, however, may not be recovered. *Eide, supra* at 28-29.

Here, the circuit court felt that the amount of mental distress damages awarded was speculative and unsupported by the record, that it was excessive, and that it was an attempt by the commission to punish the Ansons. The circuit court also characterized Paul Anson's sexually harassing

comments to Ms. Johnson as "banter back and forth" and as "calling each other love names."

First, although the hearing referee stated that the Ansons deserved to be punished, he clearly stated that the mental distress damages he recommended were actual compensatory damages, not punitive damages. Second, there was abundant evidence on the record to support the commission's findings that Ms. Johnson suffered substantial humiliation, embarrassment, outrage, and other forms of mental anguish as a result of the Ansons sexual harassment.[1] Third, we find that the circuit court's characterization of Mr. Anson's comments as "banter" and "love names" shows a remarkable lack of sensitivity in this area.

For all the reasons stated above, we are left with the definite and firm conviction that the trial court erred in reducing the emotional distress damages awarded by the commission.[2] We therefore reverse and reinstate the commission's award.

Reversed.

[1] The specific acts committed by the Ansons are described at 441 Mich 118, n 4 and at 188 Mich App 150-151.

[2] We stress that we are not holding that the trial court's decision was unsupported by substantial evidence on the record.