## McFADDEN v. DETROIT BAR ASSOCIATION.

1. PLEADING—TRIAL—AMENDMENT—FUTURE PROOFS.

The general court rules permit amendment to pleadings to conform to evidence when issues not raised by the pleadings are tried, but there is no provision in the rules for oral amendment to conform to future proofs (GCR 1963, 118.3).

2. SAME—AMENDMENT—ABUSE OF DISCRETION.

Plaintiff's contention in suit to enjoin an alleged libel that trial court abused its discretion under the court rules in denying his oral motion to amend his pleadings to conform to future proofs *held*, without merit, the rule requiring that amendments to pleadings be written (GCR 1963, 118.1).

3. LIBEL AND SLANDER—PUBLIC OFFICIALS—ACTUAL MALICE.

Public officials have no action for defamation in the absence of actual malice.

4. SAME—CONDUCT AND CHARACTER OF CANDIDATE FOR PUBLIC OFFICE.

A candidate for public office deliberately places his conduct and character before the public for their discussion and consideration.

5. EQUITY — INJUNCTION — DEFAMATION — ECONOMIC INJURY — RESTRAINT ON FREEDOM OF SPEECH.

Equity will not enjoin a defamation, absent a showing of an independent economic injury, in view of the abhorrence of previous restraints on freedom of speech by our system of jurisprudence.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur, Pleading §§ 288, 309, 310.
[3] 33 Am Jur, Libel and Slander §§ 79, 111.
[4] 33 Am Jur, Libel and Slander § 82.
[5, 6] 33 Am Jur, Libel and Slander § 224.
   28 Am Jur, Injunction §§ 132–134.
[7] 5 Am Jur 2d, Appeal and Error § 1009.

6. SAME—DEFAMATION—CANDIDATE FOR PUBLIC OFFICE—JURY—ADE-
QUATE REMEDY AT LAW—FREEDOM OF SPEECH.

> Plaintiff' public office candidate's complaint for injunction of pub-
> lication of allegedly defamatory material by defendant bar as-
> sociation *held*, properly denied, since such an injunction would
> constitute a previous restraint on freedom of speech, the equi-
> table remedy would deprive defendant of its trial by jury, and
> there was an adequate remedy at law for damages.

7. COSTS—PUBLIC QUESTION—INJUNCTION—CANDIDATE FOR PUBLIC
OFFICE.

> No costs are allowed in action by candidate for public office to
> enjoin publication of alleged defamatory matter, a public ques-
> tion being involved.

Appeal from Wayne; Brennan (Thomas E.), J.
Submitted Division 1 July 29, 1966, at Detroit.
(Docket No. 2,492.)   Decided July 29, 1966.   Opin-
ion filed October 11, 1966.

Complaint by William Robert McFadden against
the Detroit Bar Association, a nonprofit profes-
sional association, and others, to restrain an alleged
libel.   Complaint dismissed and temporary restrain-
ing order dissolved.   Plaintiff appeals.   Affirmed.

*McFadden & Geralds*, for plaintiff.

*John Feikens, Jason L. Honigman*, and *Theodore
Sachs*, for defendants.

LESINSKI, C. J.   Appellant, an attorney and mem-
ber of the Detroit Bar Association, was a candidate
for nomination for the office of judge of the re-
corder's court of the city of Detroit at a primary
election held on the 2d day of August, 1966.   Some
time prior to the primary election, the Detroit Bar
Association established a committee known as the
"public advisory committee on judicial candidates."
The general purpose of this committee was to make
an inquiry into the qualifications and suitability for

judicial office of the candidates seeking nomination at the primary election and to make its recommendations and findings known to the electorate of the county of Wayne.

The committee, in the exercise of its duties, mailed questionnaires to the aspirants for judicial office. The appellant received such a questionnaire and returned it to the committee in completed form. Subsequently, at the request of the subcommittee on candidates for the recorder's court, appellant appeared before the subcommittee and submitted to questioning.

On July 15, 1966, appellant received a report from the appellees which listed only 56 of some 81 candidates for the position appellant sought. The 56 named candidates were listed under three headings: "Outstanding," "Well Qualified" and "Qualified." The appellant's name did not appear. On July 16 and 17, 1966, the findings of the committee were disseminated through the news media.

On July 18, 1966, appellant obtained an *ex parte* temporary restraining order in the Wayne county circuit court which prevented the defendants from effectuating their intention to distribute 500,000 copies of the list in Wayne county. The record shows that this was followed by a show cause hearing on July 21, 1966, which resulted in the dissolving of the restraining order, a dismissal of appellant's complaint, and a denial of the temporary injunction sought therein on the basis that the complaint did not state a valid cause of action and presented no lawful grounds for the issuance of the relief sought.

Appellant sought emergency relief here pursuant to GCR 1963, 815.3; briefs were filed and served, and oral arguments heard on the merits on July 29, 1966.*

---

* The decision of this Court, which denied the relief sought, was made public on July 29, 1966, following the oral arguments.

The appellant contended that the circuit court abused its discretion under GCR 1963, 118, in denying his oral motion to amend his pleadings to conform to future proofs. Further, it was appellant's contention that the court below erred in refusing to enjoin the alleged libel, and he sought to restrain further dissemination of the material at issue.

GCR 1963, 118.1 permits a party to amend his pleadings at any time before, or within 15 days after a responsive pleading is served. This part of the rule is inapplicable to the present action. However, the above-mentioned court rule requires as well that amendments to pleadings be *written*. The appellant did not comply with this requirement. GCR 1963, 118.3 permits amendment to conform to evidence when issues not raised by the pleadings *are tried*. There is no provision for oral amendment to conform to *future* proofs. In addition, amendment under the court rule is, in general, within the discretion of the trial court, and on the facts presented we find no abuse thereof.

The appellant's brief contained various other legal issues which in essence alleged that the committee report defamed him by implication, *i.e.,* that the omission of his name created the reasonable inference that he was not qualified to hold judicial office, and he sought to enjoin further publication of this alleged libel. Appellees' brief countered with denials of any defamation. It is not necessary for this Court to determine the issue of whether appellant was, in fact, libeled, in view of our disposition of this case.

First of all, absent actual malice, public officials have no action for defamation, in conformity with the holdings of the United States Supreme Court. See *New York Times Co.* v. *Sullivan* (1964), 376 US 254 (84 S Ct 710, 11 L ed 2d 686, 95 ALR2d 1412) and the cases which have followed. In *Rob-*

*bins* v. *Evening News Association* (1964), 373 Mich 589, 591, the Michigan Supreme Court held that a candidate for public office " 'deliberately places these [his conduct and character] before the public for their discussion and consideration.' " The Court, in this case, quoting from *Belknap* v. *Ball* (1890), 83 Mich 583 (11 LRA 72, 21 Am St Rep 622), affirmed a summary judgment for defendant newspaper where the plaintiff had sought to recover for an allegedly libelous statement made on the editorial page of defendant's newspaper during the 1960 campaign. The Court applied and readopted prior decisions affirming the wide latitude which must be accorded such discussions in a free society, and reminded the appellant of the constitutional guarantee of freedom of the press.

Second, it is a familiar and well-settled rule of American jurisprudence that equity will not enjoin a defamation, absent a showing of an independent economic injury—which does not appear in the instant case. The primary reason is an abhorrence of previous restraints on freedom of speech. (See *Near* v. *Minnesota* [1930], 283 US 697 [51 S Ct 625, 75 L ed 1357].) Additional reasons for the denial of injunctive relief are that there is an adequate remedy at law, *i.e.*, an action for damages, and that the defendant in a defamation action has the right to a jury trial which would be precluded by granting of an injunction.

Thus it is neither necessary nor proper for this Court to determine whether the appellant was libeled as he alleged. An injunction would not lie. The circuit court did not abuse its discretion.

Affirmed. No costs. Public question.

J. H. Gillis and McGregor, JJ., concurred.