WILLIAMS v STATE OF MICHIGAN

Docket No. 72543. Submitted December 11, 1984, at Lansing.—Decided April 25, 1985. Leave to appeal denied, 424 Mich —.

Nicole Williams, born March 25, 1979, was found dead on her mother's bed on March 5, 1981. She had apparently died of starvation three or four days earlier. The mother, Josephine Williams, had a history of mental illness and had required hospitalization on several occasions. Her four other children had been removed from her custody in 1974. One of those children, Jennifer Williams, was named legal guardian of Josephine Williams and the personal representative of the estate of Nicole Williams, deceased. Jennifer Williams, as personal representative of the estate of Nicole Williams, deceased, and Josephine Williams, by Jennifer Williams, her legal guardian, filed suit against the State of Michigan, the Michigan Department of Social Services, and the Office of Children and Youth Services in the Court of Claims alleging that defendants' failure to take action to protect Nicole after being informed of the mother's neglect led to Nicole's death. The two-count complaint was based on theories of wrongful death and violation of Nicole's constitutional right not to be deprived of her life without due process under the 14th Amendment. The court, Robert Holmes Bell, J., granted summary judgment in favor of defendants on both counts. Summary judgment was granted on the wrongful death claim on the basis of governmental immunity and on the constitutional claim for failure to state a claim for which relief could be granted. Plaintiffs appealed. *Held:*

    1. Defendants' activities concerning child abuse and neglect

---

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Municipal, School, and State Tort Liability § 27 *et seq.*
    Modern status of rule excusing governmental unit from tort liability on theory that only general, not particular, duty was owed under circumstances. 3 ALR4th 1194.
[2, 3] Am Jur 2d, Civil Rights § 263 *et seq.*
    See the annotations in the ALR3d/4th Quick Index under topic Discrimination.
[4] Am Jur 2d, Pleading § 306 *et seq.*
    See the annotations in the ALR3d/4th Quick Index under topic Amendment of Pleadings.

are clearly a governmental function to which immunity applies, and plaintiffs' complaint failed to plead sufficient facts in avoidance of immunity. An act of omission, as alleged by plaintiffs, does not rise to the level of an intentional tort. Summary judgment was properly granted as to the wrongful death claim on the basis of governmental immunity.

2. Summary judgment on the constitutional claim was also properly granted, since no state action was alleged. It was the mother, not the state, who deprived Nicole of her life, and neither Nicole nor her mother was under the state's supervision at the time of Nicole's death.

3. The trial court did not abuse its discretion in denying plaintiffs' motion to amend their complaint. Amendment as proposed by plaintiffs would have been futile.

Affirmed.

1. GOVERNMENTAL IMMUNITY — INTENTIONAL TORTS — ACTS OF OMISSION — ACTS OF COMMISSION.

A claim cannot be characterized as one for an intentional tort for purposes of determining that the tort takes the activity outside the ambit of governmental immunity where the complained-of act is one of omission rather than commission.

2. CIVIL RIGHTS — STATES — GOVERNMENTAL IMMUNITY.

A state may be held liable as a "person" under a federal civil rights statute for violation of federal constitutional rights (42 USC 1983).

3. CIVIL RIGHTS — STATES — GOVERNMENTAL IMMUNITY.

A claim may not be asserted against a state under 42 USC 1983 on the basis of state action alone; a plaintiff must show an affirmative link between the misconduct alleged and the adoption of any plan or policy, showing the state's authorization or approval of such conduct.

4. PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.

The court rules provide that leave to amend pleadings shall be freely given when justice so requires; the rules are designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result (GCR 1963, 117.3, 118.1).

*Theodore Spearman, P.C.* (by *Theodore Spearman),* and *Julie H. Hurwitz, P.C.* (by *Julie H. Hurwitz),* of counsel, for plaintiffs

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, and *Christopher D. Dobyns,* Assistant Attorney General, for defendants.

Before: BEASLEY, P.J., and R. B. BURNS and S. C. GARDNER,* JJ.

PER CURIAM, Plaintiffs, Jennifer and Josephine Williams, appeal as of right from orders entered denying their motion to amend their complaint and granting defendants' motion for summary judgment.

Plaintiff Jennifer Williams is the legal guardian of her mother, Josephine Williams, and also the personal representative of the estate of Nicole Williams, her deceased sister. Plaintiffs' complaint alleged that defendants, State of Michigan, Michigan Department of Social Services (DSS) and Office of Children and Youth Services (OCYS), knew that Josephine had a history of mental illness and had required hospitalization on several occasions. Josephine Williams was the mother of five children, four of whom, including Jennifer, were removed from her custody in 1974. Nicole was born on March 25, 1979, and was found dead on her mother's bed on March 5, 1981. She had died of starvation three or four days before. Plaintiffs' complaint alleged that Jennifer had visited her mother and Nicole during the child's lifetime and had reported her mother's neglect of Nicole to defendants on numerous occasions. Plaintiffs contend that defendants' failure to take action to protect Nicole led to her death.

Summary judgment was granted defendants on Count I of plaintiffs' complaint for the wrongful death of Nicole on the basis of governmental immunity. Summary judgment was also granted de-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

fendants on Count II of plaintiffs' complaint on the basis of failure to state a claim upon which relief could be granted. In Count II, plaintiffs sought recovery for violation of Nicole's rights, pursuant to 42 USC 1983.

On appeal, three issues are raised by plaintiffs. First, they contend that summary judgment was improperly granted defendants on the basis of governmental immunity because plaintiffs pled facts in avoidance of immunity by alleging that defendants had committed the intentional tort of misrepresentation and willful, wanton misconduct. We disagree.

As defendants correctly state, a mere allegation of intentional failure to take appropriate action does not convert the claim from one of negligence into one of intentional tort. Summary judgment was properly granted in this case, as defendants' activities concerning child abuse and neglect are clearly a governmental function to which immunity applies.[1] Plaintiffs' complaint failed to plead sufficient facts in avoidance of immunity.[2] Plaintiffs argue that they pled the intentional torts of misrepresentation and willful and wanton misconduct in both the original complaint and the proposed first amended complaint. Some cases hold that intentional torts fall outside the exercise of a governmental function and are, thus, not protected by governmental immunity.[3] We do not, however, find any cases in Michigan which have held the

[1] MCL 691.1407; MSA 3.996(107). See, also, *Ross v Consumers Power Co,* 415 Mich 1; 327 NW2d 293 (1982), *reh granted* 417 Mich 1113 (1983).

[2] *McCann v Michigan,* 398 Mich 65; 247 NW2d 521 (1976), opinion of RYAN, J., p 77; *Williamson v Jones,* 125 Mich App 433; 336 NW2d 489 (1983).

[3] *Lockaby v Wayne County,* 406 Mich 65; 276 NW2d 1 (1979); *Graves v Wayne County,* 124 Mich App 36; 333 NW2d 740 (1983); *Smith v Michigan,* 122 Mich App 340; 333 NW2d 50 (1983).

government liable, under the doctrine of *respondeat superior,* for its agents' commission of these two particular torts.

In *Randall v Delta Charter Twp,*[4] the plaintiff attempted to establish intentional activity by claiming that the defendants had willfully refused to enforce an ordinance despite their knowledge that the ordinance had been violated. This Court granted summary judgment in favor of the defendants, holding that "where the complained-of act is one of omission, rather than commission, the claim cannot be characterized as an intentional tort".[5]

In *Elliott v Dep't of Social Services,*[6] the plaintiff alleged intentional failure to pay governmental benefits. Relying on *Randall, supra,* and *Smith v Michigan,*[7] this Court declined to recognize that allegation as one which would fall within the intentional tort exception to governmental immunity. The Court first noted that intentional failure to pay governmental benefits has never been recognized as an intentional tort. The Court also held that a claim sounding in negligence cannot be changed into an intentional tort just by alleging that the activity was intentional, willful and in conscious disregard of the consequences. The Court believed that imposing "liability for gross errors in determining eligibility or failure to process applications or pay benefits as promised would constitute an 'unacceptable interference' with DSS's ability to carry out its legislative function and meet its ever-increasing caseload demand".[8]

In granting defendants' motion for summary

[4] 121 Mich App 26; 328 NW2d 562 (1982).

[5] *Id.,* p 34.

[6] 124 Mich App 124; 333 NW2d 603 (1983).

[7] *Smith v Michigan, supra.*

[8] *Elliott, supra,* p 129.

judgment in the within case, the trial court held that an act of omission, as alleged herein by plaintiffs, could not rise to the level of an intentional tort. We agree.

Plaintiffs' second argument on appeal is that they pled a cause of action under 42 USC 1983 sufficient to withstand defendants' motion for summary judgment under GCR 1963, 117.2(1) and, therefore, summary judgment was improperly granted.

42 USC 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

In *Smith v Michigan, supra,* this Court recently held that the State of Michigan may be a "person" within the meaning of § 1983, which section protects against "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws". The right at issue in the within case is apparently Nicole's right to not be deprived of her life without due process under the 14th Amendment to the constitution.

Defendants argue that since it was Nicole's mother, not the state, who deprived her of her life, plaintiffs' action must fail. Defendants rely on *Jensen v Conrad*[9] and *Estate of Bailey v County of York.*[10]

---

[9] 570 F Supp 91 (D SC, 1983).

[10] 580 F Supp 794 (MD Pa, 1984).

In *Jensen,* plaintiff's decedent was the victim of child abuse at the hands of her parents, which caused her death. The plaintiff contended that the failure of various boards of the state department of social services to establish guidelines for social workers dealing with abused children and to adequately train and supervise such social workers, as well as the failure of the social workers themselves to adequately protect her decedent, deprived the child of her 14th Amendment right not to be deprived of her life without due process. The court held that the plaintiff had not stated a constitutional claim for which relief may be granted under § 1983, finding no state action. The court wrote:

> "[P]laintiff's decedent, Sylvia Brown, was deprived of her life by *her parent, a private individual.* (emphasis added). As the Supreme Court has repeatedly held, purely private discriminatory conduct, although wrongful and reprehensible, is not prohibited by the fourteenth amendment. *Shelley v Kraemer,* 334 US 1, 13; 68 S Ct 836, 842; 92 L Ed 1161 (1948)."[11]

Although the court noted "that there was some state involvement with the plaintiff's decedent prior to her death", it did not find "a sufficiently close nexus between the State of South Carolina and Sylvia Brown's mother so that the action of the latter may be fairly treated as that of the state".[12] The court held that "legal custody and/or direct supervisory control over or regulation of the parent or caretaker are necessary prerequisites to a finding of 'state action', for the purposes of the fourteenth amendment".[13]

In *Bailey, supra,* a mother and her boyfriend were convicted of third- and first-degree murder

---

[11] *Jensen, supra,* p 106.

[12] *Id.,* pp 106, 109.

[13] *Id.,* p 110.

respectively in the death of the mother's 5-year-old daughter. The administratrix of the child's estate brought suit against the county, its child welfare agency and that agency's administrator. The plaintiff alleged that the agency knew that the child had been abused, had removed the child from the mother's custody, conditioning her return on the boyfriend's moving out, but had returned the child to her mother without ascertaining that the boyfriend was actually gone. Relying on *Brown,* the court found no state action which could be the basis for a claim under § 1983.

While we note that other courts have allowed similar actions to proceed,[14] we believe that the court was correct in granting summary judgment here. Neither Nicole nor her mother was under the state's supervision. We believe that the instant case was correctly dismissed on the basis that no state action was alleged.

A claim may not be asserted under § 1983 on the basis of state action alone. It is well established that a municipality cannot be found liable under § 1983 on a *respondeat superior* theory.[15] A plaintiff must show an affirmative link between the misconduct and the adoption of any plan or policy, showing the defendant's authorization or approval of such conduct.[16]

In *Moore v Detroit,*[17] this Court explained liability under § 1983:

"While the Supreme Court has not set the full con-

---

[14] *Doe v New York City DSS,* 649 F2d 134 (CA 2, 1981), *cert den sub nom Catholic Home Bureau v Doe,* — US —; 104 S Ct 195; 78 L Ed 2d 171 (1983); *Jensen v Conrad,* 570 F Supp 114 (D SC, 1983).

[15] *Monell v DSS of the City of New York,* 436 US 658; 98 S Ct 2018; 56 L Ed 2d 611 (1978); *Zmija v Baron,* 119 Mich App 524; 326 NW2d 908 (1982).

[16] *Rizzo v Goode,* 423 US 362; 96 S Ct 598; 46 L Ed 2d 561 (1976).

[17] 128 Mich App 491, 502; 340 NW2d 640 (1983).

tours of municipal liability under § 1983, federal courts and this Court have attempted to set the parameters. See *Zmija, supra,* p 535; *Popow, supra; Hays v Jefferson County, supra.* Numerous decisions have recognized that proof of mere negligence is insufficient. See, generally, *Zmija, supra; Popow, supra; Leite v City of Providence,* 463 F Supp 585 (D RI, 1978). The applicable standard has been described as deliberate indifference, gross negligence, or recklessness. *Zmija, supra,* p 535."

Finally, plaintiffs argue that the trial court abused its discretion in denying their motion to amend their complaint. Following the grant of defendants' motion for summary judgment, plaintiffs, on May 31, 1983, filed a motion seeking permission to amend their complaint. This request had also been made in plaintiffs' brief in opposition to defendants' motion for summary judgment, though it was not made in the answer to the motion for summary judgment nor at the hearing on the motion. The motion to amend was argued at a hearing on June 22, 1983, and denied by an order entered July 13, 1983.

With respect to amendment of pleadings where a motion for summary judgment has been made, the court rules provide:

"Each party shall be given opportunity to amend his pleadings as provided by Rule 118 unless the evidence then before the court shows amendment would not be justified." GCR 1963, 117.3.

"A party may amend his pleading once as a matter of course at any time before or within 15 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, he may amend it at any time before or within 15 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave shall be freely given when justice so requires." GCR 1963, 118.1.

The rules regarding amendment generally allow amendment except where prejudice to the opposing party would result.[18] Denial in the instant case was apparently based on two reasons: (1) because plaintiffs waited to request amendment until after defendants' motion for summary judgment had been orally granted on May 25, 1983, and (2) amendment would be futile.

Plaintiffs' proposed amended complaint alleges that defendants held themselves out to the public and to plaintiffs as protectors of abused and/or neglected children, yet defendants knew they were incapable of adequately protecting such children. Plaintiffs alleged that as a proximate result of their reliance on defendants' role as protectors, Nicole lost her life. As previously discussed, we believe, and the trial court correctly held, that plaintiffs, in neither their original complaint nor their proposed amended complaint, have alleged sufficient facts in avoidance of governmental immunity. Therefore, the trial court was correct in concluding that amendment would have been futile and did not abuse its discretion in denying plaintiffs' motion to amend their complaint.

Affirmed.

---

[18] *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973).