## GUILLOZ v AETNA CASUALTY & SURETY COMPANY

Docket No. 81075. Submitted August 22, 1985, at Detroit.—Decided November 5, 1985.

Richard T. Guilloz, while off work for a work-related back injury for which he was receiving weekly workers' disability compensation payments and disability benefits, was involved in an automobile accident which aggravated the back injury. Guilloz sought work-loss benefits from his no-fault insurer, Aetna Casualty & Surety Company. When Aetna denied the claim for work-loss benefits, Guilloz brought a declaratory judgment action in Wayne Circuit Court against Aetna seeking work-loss benefits. Defendant moved for summary judgment on the basis that it was entitled to judgment as a matter of law because plaintiff was not entitled to work-loss benefits by reason of the fact that he was not working at the time of the accident. Plaintiff responded that there was an unresolved question of whether he was temporarily unemployed within the meaning of the no-fault act and moved for summary judgment. The trial court, Charles Kaufman, J., granted defendant's motion, holding that plaintiff was not entitled to work-loss benefits because he suffered no income loss because of the accident and that plaintiff was not a temporarily unemployed person within the meaning of the no-fault act. Plaintiff appealed. *Held:*

The trial court erred in granting defendant's motion for summary judgment, since plaintiff's complaint sufficiently alleged a legal claim upon which relief can be granted.

Reversed and remanded.

1. JUDGMENTS — SUMMARY JUDGMENT — APPEAL — COURT RULES.

The Court of Appeals, in reviewing a grant of summary judgment for failure to state a claim upon which relief can be granted, assumes that the factual allegations in the nonmovant's complaint are true and then determines whether the claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development would permit recovery (GCR 1963, 117.2[1]).

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] Am Jur 2d, Pleading §§ 71 *et seq.,* 226, 230 *et seq.*

2. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM.
   A motion for summary judgment based on failure of the opposing party to state a claim is resolved by reference to the pleadings alone and tests the legal sufficiency of the claim, not whether there is any factual support for the claim (GCR 1963, 117.2[1]).

*Weisberg & Walkon, P.C.* (by *Clifford B. Walkon*), for plaintiff.

*Collins, Einhorn & Farrell, P.C.* (by *Kenneth C. Merritt* and *Noreen L. Slank*), for defendant.

Before: MACKENZIE, P.J., and CYNAR and H. E. DEMING,* JJ.

PER CURIAM. This action was commenced for work-loss benefits pursuant to MCL 500.3107; MSA 24.13107. Defendant filed a motion for partial summary judgment pursuant to GCR 1963, 117.2(1). Plaintiff filed a cross-motion for summary judgment and declaratory relief pursuant to GCR 1963, 117.2(2) and (3). On August 31, 1984, the circuit court granted defendant's motion for partial summary judgment and denied plaintiff's cross-motion. Plaintiff appeals as of right from the final order and judgment entered on September 28, 1984.

Defendant accepts all well-pleaded allegations of plaintiff and does not dispute plaintiff's statement of facts.

Plaintiff was employed at Ford Motor Company from April, 1976, to December, 1980. In December, 1980, he sustained a work-related back injury, necessitating a laminectomy. According to plaintiff's physician, in September, 1981, plaintiff could return to light duty work, with a gradual increase in activities. Plaintiff did attempt to return to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

light duty work at Ford Motor Company, but none was available.

Plaintiff received and is receiving weekly disability compensation benefits from his work-related injuries in the sum of $171.00 per week, together with John Hancock Insurance Company disability benefits in the sum of $184.57 per month. He earned about $415.00 to $450.00 per week while actively employed at Ford Motor Company prior to his December, 1980, work injury.

On March 20, 1982, plaintiff was involved in an automobile accident in which his vehicle was rear-ended. Prior to the automobile accident, plaintiff's back condition was improving. He was intending to resume employment at Ford and, in fact, attempted to return to light duty work but none was available.

Plaintiff contends the medical symptomology relating to his back after the automobile accident differed from that which existed prior thereto. A treating doctor indicated the automobile accident aggravated plaintiff's preexisting back condition to the point where he felt just as bad as he did before the March, 1981, laminectomy.

Further, plaintiff's doctor indicated the cervical and lumbosacral spine sprains were the result of the subject accident. Plaintiff has not returned to work. At the time of the accident, plaintiff was covered under an automobile insurance policy issued by defendant.

Following the automobile accident, plaintiff commenced the instant action to recover, *inter alia,* wage-loss benefits pursuant to MCL 500.3107; MSA 24.13107 and MCL 500.3107a; MSA 24.13107(1). Defendant filed a motion for partial summary judgment under GCR 1963, 117.2(1), alleging that plaintiff was not entitled to wage-loss benefits as a matter of law because plaintiff was not working at

the time of the accident. Plaintiff responded to defendant's motion by alleging that, although defendant based its motion upon 117.2(1), there was a genuine issue of material fact as to whether plaintiff was temporarily unemployed within the meaning of the no-fault act, thereby precluding partial summary judgment in favor of the defendant. Plaintiff also filed a cross-motion for summary judgment and declaratory relief pursuant to GCR 1963, 117.2(2) and (3), alleging that he was entitled to receive work-loss benefits from defendant as a result of the automobile accident.

After a hearing, the trial judge granted defendant's motion for partial summary judgment, ruling that plaintiff was not entitled to work-loss benefits under § 3107 of the no-fault act because plaintiff was receiving the same income after the accident, *i.e.,* disability insurance and worker's compensation payments, as he was before the accident. On September 28, 1984, an order was entered granting defendant's motion for summary judgment as to plaintiff's claim for wage-loss benefits under § 3107. The order further adjudged that plaintiff was not a temporarily unemployed person within the meaning of § 3107a of the no-fault act.

In reviewing a grant of summary judgment under GCR 1963, 117.2(1) this Court assumes that the factual allegations in the plaintiff's complaint are true and determines whether the claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can permit recovery. *Hill v Houghton Twp,* 109 Mich App 614, 616; 311 NW2d 429 (1981). In this case, plaintiff's complaint did sufficiently allege a legal claim upon which relief can be granted. The trial court apparently granted defendant's motion for summary judgment on the basis that there was no factual support for the claim. Summary judgment motions

brought under GCR 1963, 117.2(1) test the legal sufficiency of the claims only and not the existence of any factual support for the claims. *Huff v Ford Motor Co,* 127 Mich App 287, 293; 338 NW2d 387 (1983).

We reverse and remand this case for further proceedings.