BURSE v WAYNE COUNTY MEDICAL EXAMINER

Docket No. 79096. Submitted April 8, 1986, at Detroit. Decided May 20, 1986.

James E. Burse died following an automobile accident. He was pronounced dead by an Assistant Wayne County Medical Examiner, who listed the cause of death as chest injuries received in the automobile crash. Later, an autopsy was performed on Mr. Burse by another member of the Wayne County Medical Examiner's office without consent to perform the autopsy having been secured from the next of kin. Betty Burse, a sister of the deceased, brought a declaratory judgment action in Wayne Circuit Court against the Wayne County Medical Examiner, seeking a declaration as to whether the autopsy performed upon her deceased brother's body without her consent or the consent of the deceased's next of kin was compensable in tort. The defendant moved for summary judgment. The trial court, Louis F. Simmons, Jr., J., denied the motion. Defendant moved for a rehearing of the motion for summary judgment. On rehearing, the trial court granted defendant's motion, holding that defendant was entitled to governmental immunity in this case and that, by statute, the defendant was entitled to perform an autopsy without consent of the next of kin under the facts of this case. Plaintiff orally moved to amend her pleadings. The motion to amend was denied. Plaintiff appealed. *Held:*

1. A state or local governmental agency is immune from tort liability for injuries arising out of the exercise or discharge of a nonproprietary governmental function unless the activity falls within one of the statutory exceptions to the general statutory grant of governmental immunity. A governmental function is an activity expressly or impliedly mandated or authorized by constitution, statute or other law.

2. By statute, a county medical examiner may conduct an

REFERENCES

Am Jur 2d, Coroners or Medical Examiners §§ 4, 5, 7, 10.

Liability for wrongful autopsy. 18 ALR4th 858.

Validity and construction of statute authorizing or requiring governmental unit to indemnify public officer or employee for liability arising out of performance of public duties. 71 ALR3d 90.

autopsy whenever it is determined that such autopsy reasonably appears to be required pursuant to the medical examiner's duty to investigate the cause of unexpected deaths. Since decedent's death was violent, was unexpected and was not within forty-eight hours of medical attendance, the medical examiner was statutorily authorized to perform an autopsy to determine the cause of death even though a physician had already certified the cause of death.

3. The operation of the Wayne County Medical Examiner's office with respect to the autopsy of the deceased was a governmental function. Since plaintiff did not allege that any of the statutory exceptions to governmental immunity were applicable, defendant was immune from tort liability arising out of the performing of the autopsy.

4. Since plaintiff's motion to amend her pleadings was oral and an amendment to the pleadings would be futile, the trial court did not abuse its discretion in denying plaintiff's motion to amend her pleadings.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — APPEAL.

The Court of Appeals, in reviewing a grant of summary judgment for failure to state a claim upon which relief can be granted, assumes that the factual allegations in the nonmovant's complaint are true and then determines whether the claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development would permit recovery (GCR 1963, 117.2[1]).

2. GOVERNMENTAL IMMUNITY — TORTS — GOVERNMENTAL FUNCTION.

State and local government agencies are immune from tort liability for injuries arising out of the exercise or discharge of a nonproprietary governmental function; a government function is an activity which is expressly or impliedly mandated or authorized by constitution, statute or other law; when a governmental agency engages in a governmental function, it is immune from tort liability unless the activity is proprietary in nature or falls within one of the other statutory exceptions (MCL 691.1407; MSA 3.996[107]).

3. CORONERS — MEDICAL EXAMINERS — AUTOPSIES — DEATH BY VIOLENCE.

A county medical examiner may conduct an autopsy whenever he determines that an autopsy reasonably appears to be required pursuant to his duty to make investigations as to the cause and manner of death in all cases of persons who have come to their death by violence (MCL 52.202, 52.205; MSA 5.953[2], 5.593[5]).

4. CORONERS — MEDICAL EXAMINERS — INVESTIGATIONS — CAUSE OF DEATH.

A medical examiner has the authority to investigate the cause of death of a decedent even if another physician has certified the cause of death where the decedent's death is violent or unexpected (MCL 52.202; MSA 5.953[2]).

5. GOVERNMENTAL IMMUNITY — MEDICAL EXAMINERS — GOVERNMENTAL FUNCTION.

The operation of the Wayne County Medical Examiner's office is a governmental function; in the absence of any allegation that the operation of a county medical examiner's office falls within one of the statutory exceptions to immunity, the medical examiner's office is immune from liability for performing an autopsy without the consent of the next of kin where such autopsies are permitted by or authorized by statute.

6. PLEADING — AMENDMENT OF PLEADINGS.

The grant or denial of a motion to amend a party's pleadings is within the discretion of the trial court; the exercise of that discretion will not be reversed absent a showing of an abuse of dicretion; a motion to amend should be granted unless the granting of the motion would be unjust or futile (GCR 1963, 118.1, now MCR 2.118[A][4]).

7. PLEADING — AMENDMENT OF PLEADINGS.

Any amendments to pleadings must be in writing; accordingly, it is not an abuse of discretion for a trial court to deny an oral request to amend pleadings (GCR 1963, 118.1).

*Veleta Brooks-Burkett,* for plaintiff.

*John D. O'Hair,* Corporation Counsel, and *Glen H. Downs,* Assistant Corporation Counsel, for defendant.

Before: DANHOF, C.J., and HOOD and SULLIVAN, JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting summary judgment to defendant, Wayne County Medical Examiner, on the basis of governmental immunity and from the

denial of plaintiff's motion to amend her complaint. We affirm.

This case arises out of the death of plaintiff's brother, James Earl Burse, who was killed in an automobile accident and pronounced dead on arrival by Dr. Haresh Mirchandani, Assistant Wayne County Medical Examiner. The cause of death was listed as chest injuries received in an automobile accident. An autopsy was performed later by another Assistant Wayne County Medical Examiner.

Plaintiff, in her complaint for declaratory judgment, alleged that she was outraged that the defendant agency performed an nonconsensual autopsy on the decedent under circumstances where it did not have statutory authority to perform an autopsy without the consent of the next of kin. She further alleged that the autopsy was performed to obtain body parts for transplant. Defendant filed a motion for summary judgment pursuant to GCR 1963, 117.2(1), now MCR 2.116(C)(8), claiming that the plaintiff had failed to state a claim upon which relief could be granted. At the first hearing the motion was denied. However, the motion was thereafter granted at a rehearing after defendant argued that it had statutory authority to perform the nonconsensual autopsy and, thus, was protected from tort liability.

A motion for summary judgment brought pursuant to GCR 1963, 117.2(1) tests the legal sufficiency of the claims and is to be resolved by reference to the pleadings alone. In reviewing a grant of summary judgment under this subrule, this Court assumes that the factual allegations in the plaintiff's complaint are true and determines whether the claim, on the pleadings alone, is so clearly unenforceable as a matter of law that no factual development can permit recovery. *Guilloz v Aetna*

*Casualty & Surety Co,* 146 Mich App 830, 833; 382 NW2d 189 (1985); *Rodis v Herman Kiefer Hospital,* 142 Mich App 425, 427-428; 370 NW2d 18 (1985).

State and local government agencies are immune from tort liability for injuries arising out of the exercise or discharge of a nonproprietary governmental function. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 591; 363 NW2d 641 (1984); MCL 691.1407; MSA 3.996(107). A governmental function is an activity which is expressly or impliedly mandated or authorized by constitution, statute or other law. *Ross, supra,* pp 617-621. When a governmental agency engages in such an activity, it is immune from tort liability unless the activity is proprietary in nature or falls within one of the other statutory exceptions. *Ross, supra,* p 620.

The office of the county medical examiner is authorized by law pursuant to MCL 52.201; MSA 5.953(1), which provides:

> The board of supervisors of each county of this state shall by resolution abolish the office of coroner, and appoint a county medical examiner to hold office for a period of 4 years. Should the office of county medical examiner become vacant before the expiration of the term of office, the board of supervisors may appoint a successor to complete the term of office. In counties having a civil system, the appointment and tenure of the medical examiner shall be made in accordance with the provisions thereof. County medical examiners shall be physicians licensed to practice within the state and shall be residents of the county for which they are appointed or of a neighboring county. Two or more adjoining counties, by resolution of the respective boards of supervisors thereof, may enter into common agreement to employ the same person to act as medical examiner for all of the counties.

Further, pursuant to MCL 52.205(4); MSA 5.953(5)(4), the county medical examiner may conduct an autopsy whenever he determines that such autopsy reasonably appears to be required pursuant to his duty to "make investigations as to the cause and manner of death in all cases of persons . . . whose death was unexpected." MCL 52.202; MSA 5.953(2). See also *Allinger v Kell,* 102 Mich App 798, 811; 302 NW2d 576 (1981), modified on other grounds 411 Mich 1053 (1981).

Plaintiff argues, however, that the investigation as to the cause of the decedent's death under MCL 52.202; MSA 5.953(2) was improper because another physician had already determined the cause of death. That statute provides in pertinent part as follows:

> County medical examiners or deputy county medical examiners shall make investigations as to the cause and manner of death in all cases of persons who have come to their death by violence; or whose death was unexpected; or without medical attendance during the 48 hours prior to the hour of death unless the attending physician, if any, is able to determine accurately the cause of death . . . .

Contrary to plaintiff's argument, the limitation on the medical examiner in performing the autopsy where another physician certifies the cause of death is applicable only where the deceased did not die violently or unexpectedly, and when the decedent did not receive medical attendance within forty-eight hours prior to the death. Where the decedent's death was violent or unexpected, the medical examiner has the authority to investigate the cause of death even if another physician has already certified such cause.

Thus, as the operation of the Wayne County

Medical Examiner's office is a governmental function and as plaintiff did not allege that the operation of the office falls within one of the statutory exceptions to immunity, defendant is immune from the cause of action alleged in plaintiff's complaint.

Plaintiff's other argument on appeal is that the trial court abused its discretion in denying her request to amend her complaint. We disagree.

GCR 1963, 118.1(a), now MCR 2.188(A)(4), provides:

> Amendments. A party may amend his pleading once as a matter of course at any time before or within 15 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, he may amend it at any time before or within 15 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave shall be freely given when justice so requires. All amendments shall be filed in writing, dated, and numbered consecutively. Unless otherwise indicated therein, an amended pleading shall supersede the former pleading.

The grant or denial of a motion to amend is within the discretion of the trial court, and, absent abuse of discretion, the exercise of that discretion will not be reversed. *McCalla v Ellis,* 129 Mich App 452, 457; 341 NW2d 525 (1983), lv den 422 Mich 853 (1985). See *Williams v Michigan,* 144 Mich App 438, 447; 376 NW2d 117 (1985). Generally, a motion to amend is granted unless it would be unjust or futile. *Williams, supra; McCalla, supra,* see also *Ray v Taft,* 125 Mich App 314, 324; 336 NW2d 469 (1983); *Crosby v Detroit,* 123 Mich

App 213, 223; 333 NW2d 557 (1983), lv den 422 Mich 890 (1985).

In the present case, the plaintiff did not make an offer of proof of what the proposed amendments would be. Thus, there was no proof that the amended complaint would have pled facts in avoidance of governmental immunity. And, the facts provided in the original complaint indicate that governmental immunity could not be avoided. Since an amendment would apparently have been futile, the trial court did not abuse its discretion in denying the plaintiff's request to amend her complaint.

Further, GCR 1963, 118.1 requires all amendments to be in writing. The plaintiff in this case never offered written amendments and the request to amend was oral. Hence, since the plaintiff did not comply with the rule, the trial court did not abuse its discretion by denying the request to amend. See *McFadden v Detroit Bar Ass'n,* 4 Mich App 554, 557; 145 NW2d 285 (1966).

Affirmed.