*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEFF A. MOYER, Chapter 7 Trustee for the
ESTATE OF CHARLES H. LEONARD and the
ESTATE OF SHANNON K. LEONARD,

UNPUBLISHED
February 26, 2019

Plaintiff-Appellant,

v

No. 340678
Kent Circuit Court
LC No. 15-010557-CZ

OLD NATIONAL BANCORP and DAVID
KINSMAN,

Defendants-Appellees.

Before: METER, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

Plaintiff, Jeff A. Moyer, as Chapter 7 Trustee for the Estate of Charles H. Leonard and the Estate of Shannon K. Leonard, appeals as of right an order granting defendants', Old National Bancorp and David Kinsman, motion for summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact) and denying plaintiff's motion to amend his complaint pursuant to MCR 2.116(I)(5). We affirm.

This case arises out of the sale of the Leonards' closed captioning businesses in 2009. The Leonards and their businesses banked with Founders Bank[1] and worked closely with defendant David Kinsman, a loan officer and credit analyst with Founders. The Leonards executed a purchase agreement on November 1, 2009. The purchasers of the Leonards' businesses continued to bank with Founders, and the Leonards' names were not immediately removed from the businesses' accounts and loans.

---

[1] Defendant Old National Bancorp purchased Founders Bank on January 1, 2015. Old National Bancorp now stands in the shoes of Founders Bank. Old National Bancorp has acknowledged that it may be held legally responsible for any acts committed by Founders Bank.

Shortly after the purchase agreement with the Leonards was executed, the purchasers sold the businesses' assets to a third party and breached the purchase agreement with the Leonards. Plaintiff alleges that in doing so, the purchasers committed a number of fraudulent acts. Plaintiff brings this case alleging that defendants' knowledge of these fraudulent acts was fraud in and of itself: plaintiff alleges that defendants were aware of all of the purchasers' breaches but affirmatively assured the Leonards that everything was going to be fine. Plaintiff alleges that this assurance amounts to common-law fraud. Plaintiff further alleges that defendants owed the Leonards a fiduciary duty, that defendants' intentional failure to disclose the purchasers' breaches to the Leonards was a breach of this fiduciary duty, and through these actions defendants have committed silent fraud.

At the close of discovery, defendants moved for summary disposition, arguing that plaintiff had failed to create a genuine question of material fact for trial. At the hearing on the motion for summary disposition, plaintiff orally moved to amend his complaint pursuant to MCR 2.116(I)(5) if the motion for summary disposition was granted in favor of defendants. Plaintiff never filed a written amendment. The trial court issued an opinion and order granting defendants' motion for summary disposition and denying plaintiff's motion to amend his complaint. This appeal followed.

This Court reviews the trial court's decision on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the claim in question. *Id*. at 120. This Court reviews the record in the same manner as the trial court, considering all record evidence in the light most favorable to the party opposing the motion. *Id*.

MCR 2.116(C)(10) provides that the trial court may grant summary disposition in favor of the moving party when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." The moving party "must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact" and support its motion with documentary evidence. *Maiden*, 461 Mich at 120, citing MCR 2.116(G)(4). Then, the party opposing the motion must set forth specific facts establishing a genuine issue of material fact to survive a motion for summary disposition. *Id*. at 120-121, citing MCR 2.116(G)(4). A genuine issue of material fact exists when the evidence presented "leave[s] open an issue upon which reasonable minds might differ." *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013) (quotation marks and citation omitted). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Maiden*, 461 Mich at 120. A "mere possibility" or "promise" that the claim will be supported by evidence produced at trial is insufficient to survive a motion for summary disposition. *Id*. at 121.

Plaintiff first argues common-law fraud. The elements of common-law fraud are: "(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he hereby suffered injury." *Titan Ins Co v Hyten*,

491 Mich 547, 555; 817 NW2d 562 (2012) (citation omitted). "[A]n action for fraud must be predicated upon a false statement relating to a past or existing fact; promises regarding the future are contractual and will not support a claim of fraud." *Cummins v Robinson Twp*, 283 Mich App 677, 696; 770 NW2d 421 (2009).

Plaintiff's argument on common-law fraud is centered around two sentences that Kinsman said in a voicemail to Charles Leonard: "that's all I know. And now you know it." Plaintiff alleges that this statement is fraudulent because defendants had stated that "the Leonards should not be concerned" when the purchasers "had failed to assume financial responsibility for all of the accounts and debts by the deadline stated in the purchase agreement." However, this is not a material misrepresentation of fact for two reasons: first, the material information was known to the Leonards, and second, it is a statement about the future.

Contained within plaintiff's allegation is the Leonards' knowledge that contrary to the purchase agreement, the purchasers of the company had not taken responsibility for all of the accounts and debts yet. In fact, the Leonards reached out to Kinsman to see when this issue would be resolved: plaintiff states in his complaint that "the Leonards asked Mr. Kinsman if they should be worried about the Purchasers' failure to assume the debts by the deadline." Therefore, as the trial court recognized, the Leonards had received the material information from defendants. The Leonards knew that the purchasers were not complying with their obligations as required under the purchase agreement. Thus, the Leonards were aware of the material facts, and Kinsman did not make a material misrepresentation about those facts. Further, this statement is not a present or existing fact. Rather, Kinsman's statement that the Leonards "should not be concerned" is a forward-looking prediction. Therefore, this statement is not a present or existing fact and cannot be the basis for common-law fraud. See *id.* at 696.

Plaintiff does not point to any other record evidence of possible misrepresentations, and in fact stated to the trial court that sentence "is all the Court needs" to find in his favor. On appeal, plaintiff states that it is not any "statements, taken separately, that the plaintiff argues amounts to fraud." Rather, plaintiff argues that the Leonards' trust in Kinsman and their relationship with him was the "context" that made the statements fraudulent. This is a fatal flaw. Plaintiff must show that defendants made a statement containing a material misrepresentation. See *Titan*, 491 Mich at 555. Plaintiff has failed to do so, instead focusing on the reliance and relationship between the Leonards and Kinsman.

Plaintiff has not provided any record evidence showing a material misrepresentation by either defendant. Therefore, plaintiff has not created a genuine issue of material fact, and the trial court properly granted summary disposition on the issue of common-law fraud. See *Lowrey v LMSP & LMPJ, Inc*, 500 Mich 1, 9; 890 NW2d 344 (2016); *Maiden*, 461 Mich at 120.

Plaintiff next argues that defendants have committed silent fraud. Silent fraud " 'is based on a defendant suppressing a material fact that he or she was legally obligated to disclose . . . .' " *Barclae v Zarb*, 300 Mich App 455, 476; 834 NW2d 100 (2013), quoting *Alfieri v Bertorelli*, 295 Mich App 189, 193-194; 813 NW2d 772 (2012). Silent fraud therefore requires a defendant to owe a duty to the plaintiff. *Barclae*, 300 Mich App at 477. A fiduciary duty "generally does not arise within the lender-borrower context . . . ." *Farm Credit Serv of Michigan's Heartland, PCA v Weldon*, 232 Mich App 662, 680; 591 NW2d 438 (1998), citing *Ulrich v Fed Land Bank of St*

*Paul*, 192 Mich App 194, 196-197; 480 NW2d 910 (1991), and *Smith v Saginaw S&L Ass'n*, 94 Mich App 263, 274; 288 NW2d 613 (1979). The court in *Weldon* made clear that for a fiduciary duty to arise, the relationship must be more than "[t]he borrower's allegations of inexperience and reliance on the lender . . . ." *Id*., citing *Ulrich*, 192 Mich App at 196. When a defendant does not have "ultimate control" over a plaintiff's business decisions, no fiduciary duty arises. *Id*.

Plaintiff argues that the relationship that Kinsman had with the Leonards was "different" from the typical lender-borrower relationship, and relies heavily on *Smith*, 94 Mich App 263. In *Smith*, the Smiths borrowed money from Saginaw Savings & Loan Association to build a home. *Id*. at 266. Because of Mr. Smith's poor health, the branch manager of Saginaw Savings & Loan Association informed the Smiths that he would oversee the project and ensure the work was completed properly and within budget. *Id*. at 266-267. The branch manager hired a contractor that was headed for bankruptcy but failed to protect the Smiths from that risk. *Id*. at 267. Rather, the branch manager represented to the Smiths that everything was going smoothly. *Id*. at 268. Unfortunately, the Smiths completed their project at a much higher cost than anticipated because of the branch manager's failure to disclose the contractor's potential for bankruptcy to the Smiths. *Id*. at 267. The Smiths sued Saginaw Savings & Loan Association, alleging that the branch manager breached a fiduciary duty owed to them. The Court found that the Smiths had placed "trust and confidence" in the bank manager when he oversaw the construction of their home, that a fiduciary duty existed because of these unique facts, and that the branch manager had breached that fiduciary duty. *Id*. at 275-276.

Plaintiff draws only one parallel between *Smith* and Kinsman's relationship with the Leonards: "Kinsman took it upon himself to be the point of communication between" the purchasers and the Leonards. Plaintiff reiterates that the Leonards placed "trust and faith" in Kinsman, but he points to no record evidence showing Kinsman having "ultimate control" over any aspect of the Leonards' business decisions. Unlike in *Smith*, where the defendant made decisions about whom to hire, when to make payments, and oversaw construction, defendants in this case are simply the Leonards' lender. Therefore, plaintiff has failed to demonstrate any facts that give rise to a special relationship between Kinsman and the Leonards. Without a special relationship, there is no fiduciary duty, and it follows that there can be no silent fraud. See *Weldon*, 232 Mich App at 681.

Plaintiff has failed to demonstrate a genuine issue of material fact on both the common-law fraud issue and the silent fraud issue. Therefore, we affirm the trial court's grant of summary disposition to defendants. See *Lowrey*, 500 Mich at 9.

Plaintiff next argues that the trial court improperly denied his motion to amend his complaint under MCR 2.116(1)(5).

When the trial court grants summary disposition to a party "based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that an amendment would not be justified." MCR 2.116(I)(5). "Amendments must be filed in writing . . . ." MCR 2.118(A)(4). When a party makes an oral request to amend the complaint pursuant to MCR 2.116(I)(5), that party must also offer a proposed amendment in writing. *Lown v JJ Eaton Place*, 235 Mich App

721, 726; 598 NW2d 633 (1999). Where a plaintiff fails to do so, plaintiff has failed to comply with the court rule and the trial court does not abuse its discretion in denying the request to amend. *Id.*, citing *Burse v Wayne Co Med Examiner*, 151 Mich App 761, 768; 391 NW2d 479 (1986).

In this case, plaintiff made an oral motion to amend his complaint to add a claim that defendants aided and abetted fraud committed by the purchasers of the Leonards' businesses. Plaintiff did not file a proposed written amendment. This Court has repeatedly held that the failure to file a proposed amended complaint in writing is fatal to an oral motion for amendment. *Lown*, 235 Mich App at 726; *Burse*, 151 Mich App at 768.

Plaintiff argues that this Court should do away with this interpretation of MCR 2.118 because it is inconsistent with the plain language of the statute. Plaintiff argues that under MCR 2.118(A)(4), only "[a]mendments must be filed in writing," not *proposed* amendments. This argument is without merit. MCR 2.118(A)(4) simply states that amendments must filed in writing. It makes no distinction between proposed amendments and actual amendments. This Court has interpreted this to mean that all amendments, including proposed amendments, must be filed in writing. *Lown*, 235 Mich App at 726; *Burse*, 151 Mich App at 768. This Court's jurisprudence does not add language to the statute, as plaintiff argues; it simply interprets the word "amendments" to include all amendments. Therefore, plaintiff's argument is meritless. Because plaintiff failed to file a proposed amendment in writing, the trial court did not abuse its discretion when it denied plaintiff's motion to amend. See *Lown*, 235 Mich App at 726.

Even if plaintiff's failure to file a written motion to amend was not fatal, the motion is prejudicial to defendants and futile.

A court may deny a motion to amend if an adverse party suffered actual prejudice as a result. *Weymers v Khera*, 454 Mich 639, 659; 563 NW2d 647 (1997). A trial court may properly "find prejudice when the moving party seeks to add a new claim or a new theory of recovery on the basis of the same set of facts, after discovery is closed, just before trial, and the opposing party shows that he did not have reasonable notice, from any source, that the moving party would rely on the new claim or theory at trial." *Id.* at 659-660. Plaintiff made an eleventh hour motion adding a new theory of liability with no notice to defendants. Plaintiff agreed with the trial court when it asked, "[W]e're, essentially, going to have to start all over again on a whole new theory, right?" Therefore, the trial court properly found plaintiff's motion to be prejudicial to defendants.

A court may also deny a motion to amend if amendment would be futile. "An amendment would be futile if (1) ignoring the substantive merits of the claim, it is legally insufficient on its face; (2) it merely restates allegations already made; or (3) it adds a claim over which the court lacks jurisdiction." *PT Today, Inc v Comm'r of the Office of Fin & Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006) (citations omitted). Here, plaintiff seeks to change the theory of liability but has still failed to prove that any fraud occurred. Plaintiff points to no new record evidence to support the theory that defendants aided and abetted any fraud on behalf of the purchasers. Therefore, the addition of a claim that defendants aided and abetted the purchasers' fraudulent actions would continue to be legally insufficient. See *id.*; *Hakari v Ski Brule, Inc*, 230 Mich App 352, 355; 584 NW2d 345 (1998). Additionally, plaintiff has not

proven that Kinsman owed the Leonards a fiduciary duty. Therefore, to add a claim that defendants aided and abetted some breach of this duty is legally insufficient. See *Hakari*, 230 Mich App at 355. Plaintiff's proposed amendments are futile, so the trial court did not abuse its discretion in denying the motion to amend. See *PT Today*, 270 Mich App at 143.

Affirmed.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Thomas C. Cameron